**Tammy L. SMITH, Plaintiff-Appellant,**

v.

**LINCOLN BRASS WORKS, INCORPO-
RATED, Defendant-Appellee.**

Supreme Court of Tennessee,
at Knoxville.

June 9, 1986.

David H. Dunaway, Dunaway, Harrell
and Van Hook, LaFollette, for plaintiff-appellant.

Linda J. Hamilton and Paul D. Hogan,
Jr., Morton, Lewis, King and Krieg, Knoxville, for defendant-appellee.

HERSCHEL P. FRANKS, Special Justice.

### OPINION

This action for benefits and damages under the Workers'. Compensation Act was dismissed for failure to state a claim upon which relief could be granted, pursuant to T.R.C.P., Rule 12.02(6).

The pertinent averments of the complaint are:

That this is a proceeding under and by virtue of the Workers' Compensation Laws ... for benefits as provided in Section 50–6–101 et seq. of the *Tennessee Code Annotated.*

That on or about March and April, 1985, while employed in the course and scope of her employment as a machine operator, the Plaintiff sustained various emotional injuries as a result of advances, overtures and encounters occasioned by one of the Defendant's plant supervisors....

As a result of the aforesaid industrial injuries ... Plaintiff was rendered disabled to work and earn wages.

That the Plaintiff discussed with the Defendant's plant manager the various problems which she was having at her employment. That the Plaintiff had to miss work due to the emotional stress and strain ... and made a request to the Defendant through its agents, servants and employees to transfer to another shift in order to avoid any confrontation with a particular plant supervisor and in order to allow her to continue her work activity. That the Defendant refused to transfer the Plaintiff from her shift and

to her surprise on May 29, 1985, she received a separation notice from the Defendant showing that she had been discharged from her employment.

It is the Plaintiff's belief that the Defendant ... terminated the Plaintiff due to the Plaintiff's worker's compensation injury and claims which the Plaintiff had and that the Defendant ... has otherwise constructively dismissed the Plaintiff from her employment in retaliation for her pursuit of her worker's compensation benefits.

Responding to the motion to dismiss, the chancellor said: "the complaint fails to contain any statement of fact or any conclusory allegation that the plaintiff sustained any personal injury as required by statute ...."

A motion under Rule 12.02(6) "admits the truth of all relevant and material averments contained in the complaint, ... but asserts that such facts do not constitute a cause of action." *Cornpropst v. Sloan*, 528 S.W.2d 188, 190 (Tenn.1975). In deciding the motion, we are required to construe the complaint liberally in the plaintiff's favor. *Pemberton v. American Distilled Spirits Co.*, 664 S.W.2d 690, 691 (Tenn. 1984); *Fuerst v. Methodist Hosp. South*, 566 S.W.2d 847 (Tenn.1978). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief", *Fuerst*, 566 S.W.2d at 848, but in making this determination, courts are limited to the pleadings and nothing said in the argument on the motion "can add to or take from the complaint." *Cornpropst*, 528 S.W.2d at 190.

The complaint seeks benefits under the Workers' Compensation Act for "various emotional injuries as a result of advances, overtures and encounters occasioned by one of the Defendant's plant supervisors." There are no averments of fact in support of this essentially conclusory allegation. A complaint must, however, under Rule 8.01 state "the facts upon which a claim for relief is founded." *W & O Const. Co. v. City of Smithville*, 557 S.W.2d 920, 922 (Tenn.1977); *see also Swallows v. Western Elec. Co., Inc.*, 543 S.W.2d 581 (Tenn.1976). It is unclear from the complaint what type of compensable injury is being alleged. While the complaint claims the employee sustained injuries, it is left to speculation whether the employee sustained a battery which resulted in an emotional injury. As this court noted in *Jose v. Equifax, Inc.*, 556 S.W.2d 82 (Tenn.1977):

> When challenged by motion to dismiss, it was incumbent upon appellant to state with some specificity and clarity what sort of "accidental injury" was being claimed. We do not hold as a matter of law that no such claim as is here attempted could ever be established, but we are of the opinion that nothing more than conclusions and generalities were stated here. Tested by a motion to dismiss, the complaint failed to allege any injury by accident arising out of and in the course of employment. Therefore, the trial judge correctly sustained the motion. *Id.*, at 84.

■ The complaint in the instant case is similarly deficient and speaks in terms of advances or encounters and claims the employee suffered emotional injuries as a result. There is a complete lack of specificity as to the nature of the "accidental injury" for which compensation is sought; nowhere does the complaint even minimally describe the substance and severity of the offensive conduct. It may be relief could be granted if an assault arising out of the employee's employment and resultant injuries were properly plead, but as noted in *Jose*, however:

> A liberal interpretation has been given to the statutory criterion of "injury by accident," [citation omitted] but this still does not embrace every stress or strain of daily living or every undesirable experience encountered in carrying out the duties of a contract of employment.

*Jose*, 556 S.W.2d at 84. *Accord: Allied Chemical Corp. v. Wells*, 578 S.W.2d 369 (Tenn.1979).

The employee further contends the averments in her complaint support a cause of action for retaliatory discharge. The trial court did not address plaintiff's asserted claim for retaliatory discharge.

■ A claim for damages for retaliatory discharge is a tort action and cannot be joined with a worker's compensation claim. Jurisdiction of a T.R.A.P. 3 appeal in a tort action lies in the Court of Appeals, not this Court. *Van Cleave v. McKee Baking Co.*, 712 S.W.2d 94 (Tenn.1986).

Plaintiff's alleged cause of action for retaliatory discharge will be dismissed without prejudice. The judgment of dismissal as it related to claims for benefits under the Act is affirmed and the costs incident to the appeal are assessed against the plaintiff.

BROCK, C.J., and FONES, COOPER and HARBISON, JJ., concur.