# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
June 22, 2016 Session

## JORGE A. ALFONSO, ET AL. v. LINDA V. BAILEY, EXECUTRIX AND PERSONAL REPRESENTATIVE OF THE ESTATE OF ROBERT M. BAILEY, ET AL.

**Appeal from the Chancery Court for Sevier County**
**No. 14-2-065      Telford E. Forgety, Jr., Chancellor**

_____

**No. E2015-02100-COA-R3-CV-FILED-AUGUST 9, 2016**

_____

This appeal stems from a foreclosure.  Jorge A. Alfonso and Madelyn Alfonso ("Plaintiffs") defaulted on their mortgage on real property owed to CitiMortgage, Inc. ("Citi").  Plaintiffs wanted to effectuate a short sale in order to avoid foreclosure. However, certain real estate investors ("Defendants") attended the foreclosure sale, bid on, and purchased the property.  Plaintiffs sued Defendants and Citi in the Chancery Court for Sevier County ("the Trial Court"), alleging in part that Defendants knew that Plaintiffs and Citi were engaged in discussions to complete a short sale but purchased the property anyway.  The Trial Court granted Citi's motion to dismiss finding that Citi had the right to pursue foreclosure even if it was in talks with Plaintiffs to conduct a short sale.  Plaintiffs do not appeal that order.  The Trial Court later granted a motion to dismiss claims against the remaining Defendants.  Plaintiffs appeal to this Court.  We find and hold that Plaintiffs have stated no cause of action against the remaining Defendants.  We affirm the judgment of the Trial Court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and JOHN W. MCCLARTY, JJ., joined.

Douglas E. Taylor, Seymour, Tennessee, for the appellants, Jorge A. Alfonso and Madelyn Alfonso.

Gordon D. Foster, Knoxville, Tennessee, for the appellees, Linda V. Bailey, Executrix and Personal Representative of the Estate of Robert M. Bailey, Quint Bourgeois, and CUS, LLC.

# OPINION

## Background

Plaintiffs owned real property in Sevier County, Tennessee. Plaintiffs owed mortgage payments to Citi on the property. Plaintiffs began having trouble making their mortgage payments to Citi. Plaintiffs defaulted. Plaintiffs wished to avoid a foreclosure on the property. Plaintiffs tried to sell the property themselves. According to Plaintiffs' complaint, Citi slow-dragged talks on a prospective short sale, and in the meantime the foreclosure went forward. Citi has denied throughout the case that it ever entered in any agreement to delay foreclosure to permit a "short sale" as the Plaintiffs desired. Defendants attended the foreclosure auction, bid on, and purchased the property. In February 2014, Plaintiffs sued Citi and Defendants in the Trial Court seeking declaratory relief and damages arising from alleged interference with contract rights, tortious interference with contract rights, inducement of breach of contract, violations of the Tennessee Consumer Protection Act, conspiracy, and other claims. Because this case was disposed of on a motion to dismiss for failure to state a claim upon which relief may be granted, we will quote substantially from Plaintiffs' complaint:

> **COME NOW** the Plaintiffs, Jorge A. Alfonso and wife, Madelyn Alfonso, by and through counsel, and file this Verified Complaint as "Plaintiffs", and bring this action for Declaratory Judgment, pursuant to T.C.A. § 29-14-101 et seq., and the Tennessee Rules of Civil Procedure, Rule 57, against the Defendants, for interference with contract rights, tortious interferance with contract rights, inducement of breach of contract, conspiracy, fraud, misrepresentation, fraudulent concealment, and for deceptive and unfair business practices, in violation of the Tennessee Consumer Protection Act, T.C.A. § 47-18-101 et seq., and unjust enrichment, and would respectfully show unto this Honorable Court as follows:
>
> 1. The Plaintiffs, Jorge Alfonso and wife, Madelyn Alfonso, are citizens and residents of Hialeah, Miami-Dade County, Florida.
>
> 2. The Defendant, CUS, LLC, is an active Tennessee limited liability company with a principal address of, Floor 2, 708 South Gay Street, Knoxville, Tennessee 37902-1708, and it can be served through counsel, Gordon D. Foster, Winchester, Sellers, Foster & Steele, P.C., 800 South Gay Street, Suite 1000, Knoxville, Tennessee 37929, or alternatively, through its registered agent Robert M. Bailey, Floor 2, 708 South Gay Street, Knoxville, Tennessee 37902-1708.

3. The Defendants, Robert M. Bailey and Quint Bourgeois, are citizens and residents of Knox County, Tennessee, and can be served through counsel, Gordon D. Foster, Winchester, Sellers, Foster & Steele, P.C., 800 South Gay Street, Suite 1000, Knoxville, Tennessee 37929.

4. The Defendant, Citimortgage, Inc., is an active foreign for profit corporation with a principal address of 1000 Technology Drive, 0 Fallon, Missouri 63368-2239, and it can be served through its registered agent, CT Corporation System, Suite 2921, 800 South Gay Street, Knoxville, Tennessee 37929-9710.

5. The issues joined in this cause involve improved real property located in Sevier County, Tennessee, and jurisdiction is properly in this Court.

6. Plaintiffs were owners of improved real property located at 2756 Sawmill Branch Road, Sevierville, Tennessee 37862, ("Property").

7. Plaintiffs experienced difficulty in making the mortgage payments on the Property to the Defendant, Citimortgage ("Bank").

8. Defendant, Citimortgage, engaged in the process, with Plaintiffs, of a short sale and Plaintiffs had buyers for the short sale ready to close on the sale of the Property.

9. Ms. Kathryn Lovell, realtor and certified distressed property expert, acted as agent for Plaintiffs in establishing or facilitating the short sale, and sent the necessary paperwork requested by Defendant Bank separately in April, May, June, and August, and again two times in September 2013. Defendant Bank continued to respond as if it was participating in the short sale, but continually made excuses as to why the short sale could not be completed including citing the need for an "internal document" which was apparently never generated or at least acknowledged by Bank.

10. In September and October, 2013, Plaintiffs had buyers prepared to complete the short sale which did not occur because of the intentional mishandling of the process by Defendant Bank.

11. On or about October 1, 2013, Defendant Bourgeois contacted Kathryn Lovell, to discuss the Property and was informed by Ms. Lovell that a short sale was pending, and it was expected that the foreclosure sale would be postponed.

12. On or about October 1, 2013, a foreclosure sale of the Property was completed and the buyers were Defendants Bourgeois, Bailey, and CUS, LLC, who were on notice that the owners of the property, Plaintiffs, expected the foreclosure sale to be postponed and a short sale to occur shortly thereafter.

13. Defendant Bank, simultaneously pursuing a foreclosure on the Property and purportedly participating in the Plaintiffs' short sale, intentionally slow walked Plaintiffs through the short sale process, intentionally causing enough delay of the Plaintiffs' short sale to permit the foreclosure sale.

14. Defendants Bourgeois, Bailey, and CUS, LLC, knowing that Plaintiffs had a contract and a short sale pending and expected the foreclosure sale to be postponed, purchased the Property at foreclosure, intentionally and knowingly interfering with Plaintiffs' contract rights and inducing Plaintiffs to breach their short sale agreement.

15. The sale price agreed to by the buyers in the Plaintiffs' short sale exceeded the purchase price of the foreclosure sale causing a significantly higher deficiency.

16. At the time of the foreclosure sale, the subject house was fully furnished with the personal property of the Plaintiffs, and the house had an owner "closet" which contained the private personal property of the Plaintiffs, none of which was returned to Plaintiffs.

17. In fact, Defendants, one or more of them, had the locks to the house located on the Property changed and intentionally prevented Plaintiffs from recovering their personal property.

18. The Defendant Bank has now initiated collection activity of the deficiency remaining after the subject foreclosure sale, a deficiency amount which in large part is the result of the Defendant Bank's own improper actions. The Court should stay all collection proceedings until the issues joined herein have been resolved.

19. The Defendants have engaged in a conspiracy to improperly delay the Plaintiffs' short sale to intentionally permit the subject foreclosure sale, which resulted in a higher deficiency amount and the Plaintiffs' loss of their personal property, and have been unjustly enriched, which the Court should order Defendants to disgorge such unjust gains and pay to Plaintiffs.

20. The Defendants have engaged in a conspiracy to improperly and/or tortiously interfere with Plaintiffs' contract rights, induce breach of contract, and have been unjustly enriched, which the Court should order Defendants to disgorge such unjust gains and pay to Plaintiffs.

21. The Defendant(s) have engaged in intentional interference with contract rights, tortious interferance with contract rights, inducement of breach of contract, conspiracy, fraud, misrepresentation, fraudulent concealment, and deceptive and unfair business practices, in violation of the Tennessee Consumer Protection Act.

22. The Defendant Bank has knowingly, willfully and intentionally engaged in deceptive trade practice in violation of the Tennessee Consumer Protection Act and should be held liable for damages trebled, as well as for the Plaintiff's costs, expenses, and reasonable attorney fees.

23. The Plaintiffs reserve the right to file, with permission of the Court, such further claims or third party claims that may appear pursuant to the taking of discovery in this cause.

24. The Plaintiffs reserve the right to amend this pleading to conform to facts and evidence developed during discovery in this cause and to filing of such further claims as may become necessary.

25. Defendants should be held liable for damages incurred by the Plaintiffs due to the issues raised herein caused by the actions of the Defendants, including, but not limited to, attorney fees, costs, expenses, and any interest allowed by law.

26. The conduct of the Defendant(s) amounts to breach of contract, fraud, misrepresentation, fraudulent concealment, and conspiracy, for which the Defendants should be held liable to the Plaintiff for his losses, costs, expenses, reasonable attorney fees and damages, and any recoverable interest and/or pre-judgment interest allowed by law.

27. The actions of the Defendants constitutes intentional, outrageous, willful, negligent, reckless, and grossly negligent acts which, in the alternative, entitles this Plaintiff to recover damages, including punitive damages.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs respectfully pray for the following:

A. That these Defendants, after having been served as required by law, be required to appear and answer in the time prescribed by law; and

B. That the Court require the Defendants to join all necessary parties to this cause; and

C. That the Court declare the rights and responsibilities of the parties with regard to the contracts involved herein, the subject property, and make such an Order so as to quiet title to the subject property fully and properly including, but not limited to, rescission of the contract of sale vesting title in Plaintiffs; and

D. That the Court award damages to Plaintiffs for the causes of action joined herein in an amount to be further proven at trial, but not in an amount of not more than Six Hundred Thousand ($600,000.00) Dollars; and

E. That the Court find for the Plaintiffs, that the Defendants are liable for damages caused by the breach of contract of the Defendants, and

award damages to Plaintiffs in an amount of not less than Two Hundred Fifty Thousand ($250,000.00) Dollars; and

F. That the Court find Defendants knowingly, willfully and intentionally engaged in deceptive trade practice in violation of the Tennessee Consumer Protection Act and held liable for damages trebled, and should be held liable to the Plaintiffs for their losses, costs, expenses, reasonable attorney fees and damages, and any recoverable interest and/or prejudgment interest allowed by law; and

G. That, in the alternative, the Court find for Plaintiffs and award punitive damages against the Defendants, to be paid to the Plaintiff, in an amount of not less than Two Hundred Thousand ($200,000.00) Dollars; and

H. That the Court find Defendants improperly acted and Defendants' conduct amounts to breach of contract, fraud, misrepresentation, fraudulent concealment, and conspiracy, that they have been unjustly enriched, for which the Defendants should be held liable to the Plaintiffs for their losses, costs, expenses, reasonable attorney fees and damages, and any recoverable interest and/or pre judgment interest allowed by law; and

I. That the Court find Defendants' conduct amounts to intentional interference with contract rights, tortious interferance with contract rights, inducement of breach of contract, conspiracy, fraud, misrepresentation, fraudulent concealment, and for deceptive and unfair business practices, in violation of the Tennessee Consumer Protection Act.

J. That the Court find the Defendant Bank has knowingly, willfully and intentionally engaged in deceptive trade practice in violation of the Tennessee Consumer Protection Act and should be held liable for damages trebled, as well as for the Plaintiff's costs, expenses, and reasonable attorney fees.

K. That the Court order the Defendants, to pay the costs, expenses, fees and attorney fees, and any recoverable interest and/or pre-judgment interest allowable by law, to the Plaintiffs, according to the parties' contracts and by statute; and

L. For such other, further and general relief which the Court deems necessary to affect justice in this cause.

In April 2014, Citi, called "the Defendant Bank" in the complaint, filed a motion to dismiss. The Trial Court granted Citi's motion to dismiss. In its detailed June 2014 order[1], the Trial Court stated, in part:

---

[1] The Trial Court made this order final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.

Based on the above allegations, Plaintiffs have alleged that Citi is liable for the following claims: (1) violation of the Tennessee Consumer Protection Act ("TCPA"); (2) fraudulent misrepresentation; (3) fraud; (4) unjust enrichment; (5) civil conspiracy; (6) inducement of breach of contract; (7) breach of contract; (8) tortious interference with contract rights; (9) intentional interference with contract rights; and (10) fraudulent concealment.

The Court finds that Plaintiffs have failed to state any of these claims and such claims should be dismissed with prejudice.

Generally speaking, Plaintiffs have failed to identify any wrongful activity on the part of Citi. Plaintiffs essentially allege that Citi engaged in short sale discussions, but those discussions ultimately failed to materialize into a completed short sale. Plaintiffs apparently take the position that Citi should have stopped all foreclosure-related activity while the short sale discussions occurred. However, Plaintiffs have not alleged that Citi actually agreed to do that. Plaintiffs were admittedly in default under the loan. Therefore, Citi had the right to pursue foreclosure, even if it was also discussing the possibility of a short sale.

At the same time, Plaintiffs do not allege that Citi ever actually *agreed* to complete a short sale in lieu of a foreclosure. On the contrary, Plaintiffs allege that Citi "continually made excuses as to why the short sale could not be completed..." Based on that allegation, it appears that Citi actually (and "continually") advised Plaintiffs that the short sale would not be completed. Plaintiffs seem to imply that Citi was somehow obligated to complete the short sale. But Plaintiffs do not allege that Citi ever entered into any agreement or contractual obligation to do so. Absent such an agreement or contractual obligation, Citi had no legal duty to complete a short sale, or to even discuss the same.

Plaintiffs filed a motion to alter or amend judgment as to the Trial Court's June 2014 order. The Trial Court denied Plaintiffs' motion to alter or amend judgment by order entered September 18, 2014. In denying Plaintiffs' motion, the Trial Court stated, in part, that "Plaintiffs admitted in their Complaint and as counsel stated at the hearing, Citi never entered into a short sale agreement with Plaintiffs. While Citi may have taken part in negotiations regarding a short sale, no agreement was reached. Thus, Citi was under no obligation to complete a short sale."

This final order was not appealed, and Citi is not a party on appeal. The case proceeded against Defendants. Defendants filed their own motion to dismiss. The Trial Court granted their motion to dismiss, stating as follows:

This cause came to be heard on the 11th day of September 2015 before the Honorable Telford E. Forgety, Chancellor, upon the Motion to Dismiss filed by the Defendants, Robert M. Bailey, CUS, LLC, and Quint Bourgeois, and the Response thereto filed by the Plaintiffs, whereupon it appeared to the Court from the arguments of counsel, the pleadings, and the record as a whole, that the Complaint failed to state a claim against the Defendants upon which relief could be granted, and the Defendants were entitled to a dismissal of the Complaint pursuant to TRCP 12.02(6); it is accordingly

ORDERED, ADJUDGED and DECREED that this cause be and the same is hereby DISMISSED in its entirety, the claims and liabilities of the other parties having already been adjudicated herein, rendering this Order a final judgment under Rule 54.02, there being no reason for delay, with costs taxed to the Plaintiffs for which execution shall issue if not sooner paid.

Plaintiffs timely appealed to this Court.

### Discussion

Although not stated exactly as such, Plaintiffs raise the following issue on appeal: whether the Trial Court erred in granting Defendants' motion to dismiss. Defendants raise their own separate issue of whether this appeal is frivolous.

With regard to motions to dismiss, our Supreme Court has instructed:

A motion to dismiss a complaint for failure to state a claim for which relief may be granted tests the legal sufficiency of the plaintiff=s complaint. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011); *cf. Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 406 (Tenn. 2002). The motion requires the court to review the complaint alone. *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009). Dismissal under Tenn. R. Civ. P. 12.02(6) is warranted only when the alleged facts will not entitle the plaintiff to relief, *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011), or when the complaint is totally lacking in clarity and specificity, *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992) (citing *Smith v. Lincoln Brass Works, Inc.*, 712 S.W.2d 470, 471 (Tenn. 1986)).

A Tenn. R. Civ. P. 12.02(6) motion admits the truth of all the relevant and material factual allegations in the complaint but asserts that no

cause of action arises from these facts. *Brown v. Tennessee Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010); *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700. Accordingly, in reviewing a trial court's dismissal of a complaint under Tenn. R. Civ. P. 12.02(6), we must construe the complaint liberally in favor of the plaintiff by taking all factual allegations in the complaint as true, *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 894; *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d at 426; Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* ' 5-6(g), at 5-111 (3d ed. 2009). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo without a presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 895; *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700.

*SNPCO, Inc. v. City of Jefferson City*, 363 S.W.3d 467, 472 (Tenn. 2012).

Plaintiffs argue that their complaint alleged facts sufficient to withstand a motion to dismiss for failure to state a claim upon which relief may be granted. In their brief on appeal, Plaintiffs summarize their argument as follows, in part: "Plaintiffs, facing foreclosure, had entered into a contract for a short sale . . . [Defendants] . . . were made aware that Plaintiffs believed the foreclosure was postponed, and proceeded to purchase the property at foreclosure, inducing the contract for short sale to be breached resulting in a higher deficiency, damages, incurred by Plaintiffs." Defendants in turn argue that they had no duty to refrain from purchasing the property.

In its June 2014 order, the Trial Court held, in part: "Absent such an agreement or contractual obligation, Citi had no legal duty to complete a short sale, or to even discuss the same." That order was made final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure and has not been appealed. It therefore represents the law of the case, and Plaintiffs are stuck with the findings and conclusions of the Trial Court's June 2014 order—namely, that there was no contract between Plaintiffs and Citi concerning any short sale and that Citi had the right to proceed to foreclosure.

This being so, Defendants have nothing upon which to base their various claims. Citi had the right to proceed to foreclosure. Defendants had the right to purchase the property. Defendants' alleged knowledge of the short sale discussions does not alter this fact, and Plaintiffs point to no law suggesting it should. Merely reciting claims or the elements of claims does not suffice in order to withstand a motion to dismiss. A party must allege facts in support of the claims that if taken as true would sustain those claims. Conclusory recitations of the elements of claims are inadequate. We affirm the judgment of the Trial Court.

We next address Defendants' issue of whether this appeal is frivolous. " 'A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed.' " *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (quoting *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)). In pertinent part, Tenn. Code Ann. § 27-1-122 addresses damages for frivolous appeals stating:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122 (2000).

While it is a close question, Plaintiffs' appeal in this case is not so entirely devoid of merit as to warrant our finding their appeal frivolous. We, therefore, decline Defendants' request to find this appeal frivolous.

### Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellants, Jorge A. Alfonso and Madelyn Alfonso, and their surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE