IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
April 19, 2016 Session

**ALICE WHEELER, ET AL. v. MARK ABBOTT, ET AL.**

**Appeal from the Chancery Court for Sevier County**
**No. 13-7-204    Telford E. Forgety, Jr., Chancellor**

---

**No. E2015-01214-COA-R3-CV-FILED-AUGUST 10, 2016**

---

Catherine McCulley, Jean Abbott, Steven Abbott, Jerry Abbott, Larry Abbott, Diane West, and Geraldine Abbott ("Plaintiffs") sued Mark Abbott and Stephanie Abbott ("Defendants")[1] with regard to an alleged easement located across real property in Sevier County, Tennessee. During the pendency of the suit, Catherine McCulley died and a motion was made to substitute her four children as party plaintiffs. Without benefit of a hearing, the Chancery Court for Sevier County ("the Trial Court") entered an order allowing the substitution. The case then was tried, and the Trial Court entered its judgment finding and holding, *inter alia*, that "the Plaintiffs, the heirs of Elmer Abbott, have an easment across the property of the Defendant, Mark Abbott . . . ." Defendants appeal to this Court raising several issues. We find and hold that the motion for substitution and the Trial Court's order granting the motion failed to comply with Tenn. R. Civ. P. 25, which deprived Defendants of an opportunity to be heard prior to entry of the order allowing substitution. We, therefore, vacate both the April 22, 2015 order allowing substitution of parties and the June 5, 2015 judgment holding that "the Plaintiffs" have an easement, and we remand this case for further proceedings consistent with this Opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and THOMAS R. FRIERSON, II, J., joined.

---

[1] Stephanie Abbott did not join in the Notice of Appeal filed in this case. As best as we can tell from the record on appeal, Mark Abbott and Stephanie Abbott are husband and wife. The deed granting Mark Abbott his share of the real property involved in this case, a copy of which was attached to the complaint as an exhibit, does not show Stephanie Abbott as a grantee of that property. For ease of reading only, we refer in this Opinion to Defendants in the plural despite the fact that Stephanie Abbott is not participating in this appeal.

Douglas R. Beier, Morristown, Tennessee, for the appellant, Mark Abbott.

Bruce Hill, Sevierville, Tennessee, for the appellees, Alice Wheeler; Judy Rose; Jeanne Potvin; Harvey McCulley, Jr.; Jean Abbott; Steven Abbott; Jerry Abbott; Larry Abbott; Diane West; and Geraldine Abbott.

**OPINION**

**Background**

Plaintiffs sued Defendants in July of 2013 alleging, in pertinent part, that they had an easement across real property located in Sevier County, Tennessee owned by Defendants. Defendants filed a motion to dismiss for failure to state a claim. After a hearing, the Trial Court entered its order on October 15, 2013 denying Defendants' motion to dismiss and granting Plaintiffs' motion to amend their complaint. Plaintiffs filed an Amended Complaint in November of 2013. Defendants did not file a motion to dismiss for failure to state a claim as to Plaintiffs' Amended Complaint.

In January of 2014, plaintiff Catherine McCulley died. A Suggestion of Death of Catherine McCulley was filed on February 25, 2014. On March 5, 2014, Alice Wheeler, Judy Rose, Jeanne Potvin, and Harvey McCulley, Jr. ("Catherine's Children") filed a motion ("Motion for Substitution") seeking to be substituted as party plaintiffs for their mother Catherine McCulley. The Motion for Substitution was not accompanied by a notice of hearing.

The Trial Court entered an order on April 22, 2015, without benefit of hearing, allowing the substitution of Catherine's Children as party plaintiffs for Catherine McCulley. The April 22, 2015 order contains the signature of the Trial Court Judge and the signature of Plaintiffs' attorney. The April 22, 2015 order contains neither the signature of Defendants' attorney nor a certificate of service showing that it was served upon Defendants' attorney.

The case proceeded to trial. At the beginning of the trial, Defendants' counsel raised an issue with regard to what he believed to be the then still outstanding Motion for Substitution. Defendants' counsel was shown the April 22, 2015 order, and he stated that was the first time he had seen this order. The Trial Court acknowledged at that time that the order contained neither the signature of Defendants' counsel nor a certificate of service. After objection by Defendants' counsel to the April 22, 2015 order and brief argument, the Trial Court allowed the order to stand and commenced the trial. After trial, the Trial Court entered its judgment on June 5, 2015 finding and holding, *inter alia*, "the

2

Plaintiffs, the heirs of Elmer Abbott, have an easment across the property of the Defendant, Mark Abbott . . . ." Defendants appeal to this Court.

## Discussion

Although not stated exactly as such, Defendants raise three issues on appeal: 1) whether the Trial Court erred in denying Defendants' motion to dismiss for failure to state a claim; 2) whether the Trial Court erred in allowing the substitution of Catherine's Children as party plaintiffs; and, 3) whether the Trial Court erred in holding that Plaintiffs have an easement across the real property of Mark Abbott.

First, we address whether the Trial Court erred in denying Defendants' motion to dismiss for failure to state a claim. As our Supreme Court has instructed:

> A motion to dismiss a complaint for failure to state a claim for which relief may be granted tests the legal sufficiency of the plaintiff's complaint. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011); *cf. Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 406 (Tenn. 2002). The motion requires the court to review the complaint alone. *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009). Dismissal under Tenn. R. Civ. P. 12.02(6) is warranted only when the alleged facts will not entitle the plaintiff to relief, *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011), or when the complaint is totally lacking in clarity and specificity, *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992) (*citing Smith v. Lincoln Brass Works, Inc.*, 712 S.W.2d 470, 471 (Tenn. 1986)).

> A Tenn. R. Civ. P. 12.02(6) motion admits the truth of all the relevant and material factual allegations in the complaint but asserts that no cause of action arises from these facts. *Brown v. Tennessee Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010); *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700. Accordingly, in reviewing a trial court's dismissal of a complaint under Tenn. R. Civ. P. 12.02(6), we must construe the complaint liberally in favor of the plaintiff by taking all factual allegations in the complaint as true, *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 894; *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d at 426; Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 5-6(g), at 5-111 (3d ed. 2009). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo without a presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 895; *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700.

3

*SNPCO, Inc. v. City of Jefferson City*, 363 S.W.3d 467, 472 (Tenn. 2012).

Defendants' motion to dismiss asserted that Plaintiffs' complaint failed to identify any right, title, or interest that six of the original seven Plaintiffs held in the real property at issue in this case. The arguments Defendants advance in their brief on appeal with regard to this issue, however, rest largely upon evidence adduced at trial, which is wholly inapplicable to an analysis of whether the Trial Court erred in denying the motion to dismiss. Plaintiffs' response to the motion to dismiss asserted that these six plaintiffs hold an interest in the property at issue by virtue of the death of Elmer Alan Abbott. The deed to Elmer Alan Abbott was attached to Plaintiffs' complaint as an exhibit. Construing the complaint liberally in favor of Plaintiffs and taking all factual allegations as true, as we must at this stage of the proceedings, we find no error in the Trial Court's denial of Defendants' motion to dismiss.

Defendants also argue in their brief on appeal that the Trial Court erred in allowing Plaintiffs to amend their complaint. Pursuant to Tenn. R. Civ. P. 15.01, leave to amend a complaint "shall be freely given when justice so requires." Tenn. R. Civ. P. 15.01. "We have interpreted this provision as substantially lessening the trial court's discretion with regard to permitting parties to amend their pleadings." *Messer Griesheim Indus., Inc. v. Eastman Chem. Co.*, 194 S.W.3d 466, 483 (Tenn. Ct. App. 2005). In the case now before us, we find no abuse of discretion in the Trial Court's allowing Plaintiffs to amend their complaint.

We also note that Defendants did not file a motion to dismiss Plaintiffs' amended complaint. Given all of the above, we find no error in the Trial Court's denial of Defendants' motion to dismiss for failure to state a claim.

Next, we address whether the Trial Court erred in allowing the substitution of Catherine's Children as party plaintiffs. Catherine's Children filed their Motion for Substitution pursuant to Tenn. R. Civ. P. 25, which provides, in pertinent part:

> **25.01. Death.** – (1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of process. Unless the motion for substitution is made not later than ninety (90) days after the death is suggested upon the record by service of a

statement of the fact of the death as provided hererin for the service of the motion, the action shall be dismissed as to the deceased party.

Tenn. R. Civ. P. 25.01(1).

The plain and unambiguous language of Rule 25.01 clearly provides that a motion for substitution shall be served "together with the notice of hearing . . . ." Tenn. R. Civ. P. 25.01(1). As this Court has noted:

Rule 25.01 clearly provides that a notice of hearing shall be served on the parties with regard to a *motion for substitution of proper party*. . . . A motion for substitution asks a trial court to take action and, thus, requires a court hearing of which all involved parties deserve notice and an opportunity to be heard.

*Williams v. Williams*, No. 2012-00162-COA-R3-CV, 2012 WL 3986328, at *2 (Tenn. Ct. App. Sept. 12, 2012), *no appl. perm. appeal filed,* (emphasis in original).

In the instant case, no hearing was noticed or held prior to the entry of the April 22, 2015 order allowing substitution of Catherine's Children as party plaintiffs. Plaintiffs did not comply with Tenn. R. Civ. P. 25.01(1), and Defendants thus were denied an opportunity to be heard on the issue of whether the substitution was proper prior to entry of the order allowing the substitution. This error is fatal to the entry of the April 22, 2015 order. We, therefore, vacate the Trial Court's April 22, 2015 order.

Furthermore, as the Trial Court held that "the Plaintiffs" have an easement, and we have vacated the order allowing substitution because Defendants were denied an opportunity to be heard on the issue of whether Catherine's Children are proper party plaintiffs, we are constrained also to vacate the Trial Court's June 5, 2015 judgment. We remand this case for further proceedings consistent with this Opinion.

## Conclusion

The April 22, 2015 order and the June 5, 2015 judgment of the Trial Court are vacated, and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion. The costs on appeal are assessed against the appellees, Alice Wheeler; Judy Rose; Jeanne Potvin; Harvey McCulley, Jr.; Jean Abbott; Steven Abbott; Jerry Abbott; Larry Abbott; Diane West; and Geraldine Abbott.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

5