IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 3, 2021

## DEVIN BUCKINGHAM v. TENNESSEE DEPARTMENT OF CORRECTIONS, ET AL.

Appeal from the Chancery Court for Morgan County
Nos. 19-46, 19-62     Frank V. Williams III, Judge

### No. E2020-01541-COA-R3-CV

An inmate filed a complaint alleging theft against the Commissioner of the Tennessee Department of Correction and against the prison Warden. The Commissioner and the Warden moved to dismiss the complaint pursuant to Tennessee Rule of Civil Procedure 12.02(6). The trial court granted the motion. We have determined that the trial court failed to provide reasons for the dismissal of the complaint. Therefore, we vacate the judgment and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which ANDY D. BENNETT, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Devin Buckingham, Mountain City, Tennessee, *pro se*.

Herbert H. Slatery, III, Attorney General & Reporter, and Thomas J. Aumann, Assistant Attorney General, for the appellees, Tony Parker and Mike Parris.

## OPINION

### I.     BACKGROUND[1]

On August 16, 2019, *pro se* prisoner, Devin Buckingham, brought a "Personal Tort Claim" against Tony Parker, the Commissioner of the Tennessee Department of

---

[1] We recite the facts as set forth in Mr. Buckingham's complaint.

Correction, and against Mike Parris, the Warden of the Morgan County Correctional Complex (collectively, "Defendants").

While Mr. Buckingham was housed at South Central Correctional Facility, he was convicted of the disciplinary infraction of assault of offender on March 29, 2017. The disciplinary report named inmate Gregg as the assault victim. Mr. Buckingham was sentenced to fifteen days punitive time, charged a $5.00 fine, and was reclassified to maximum security placement. Several months later, Mr. Buckingham was transferred to the Morgan County Correctional Complex and placed in maximum security housing.

On November 29, 2018, a total of $231.00 was deducted from Mr. Buckingham's inmate trust fund account for the purpose of restitution. From December of 2018 through April of 2019, subsequent monetary withdrawals for restitution were taken from Mr. Buckingham's inmate trust fund account. All of these payments were authorized and ordered by Defendant Parker. Defendant Parker authorized and ordered a total of $16,000.00 in restitution payments from Mr. Buckingham. After reviewing the facts related to the disciplinary infraction and the restitution withdrawals, Mr. Buckingham's attorney mailed a letter to Defendant Parris on March 7, 2019. Defendant Parris did not respond to the letter. On August 19, 2019, Mr. Buckingham wrote to Defendant Parris. In his letter, Mr. Buckingham quoted the dispositional finding[2] of the disciplinary incident and advised as follows:

> My dispute [is that] after completing everything assigned to me[,] on Nov. 27, 2018 [Morgan County Correctional Complex] took $231.84 and has continually taken my money. I have r[u]n this issue all the way up the chain of command . . . and have been told by all [that] my money should not be taken if not stated in the disposition. I . . . went further and read the entire uniform disciplinary procedure policy pg. 1–36 to find it to be double jeopardy per Policy VIL-(12) a–d. . . . I respectfully and humbly ask that you exempt the illegitimate restitution and reimburse me all the money that has been taken.

Defendant Parris did not respond to the letter. On July 3, 2019, Mr. Buckingham submitted an "Inmate Inquiry-information request form to Trust Fund." In response, Mr. Buckingham was advised on July 5, 2019 that the deductions from his inmate trust fund account were for restitution and that a $15,681.06 balance remained.

---

[2] The disposition of Mr. Buckingham's disciplinary infraction read: "Inmate found guilty of class A AOO based on milestone camera and R/O statements (15 day psg 3/29/17 thru 4/13/17 [$]5.00 fine Max placement)."

In his complaint, Mr. Buckingham alleged that Defendants intentionally and purposefully interfered with his property rights and committed theft against him. He further alleged that Defendants imposed cruel and unusual punishment and double jeopardy against him. Mr. Buckingham sought compensatory and punitive damages against Defendants, as well as injunctive relief in the form of a court order preventing the Tennessee Department of Correction from deducting any further funds from his inmate trust fund account.

Upon Defendants' motion and by order entered December 26, 2019, the trial court consolidated this action with an action filed by inmate Clay who alleged against Defendants claims arising out of the same events. On January 16, 2020, pursuant to Tennessee Rule of Civil Procedure 12.02(6), Defendants moved to dismiss Mr. Buckingham's complaint and that of plaintiff Clay.[3] Defendants submitted a memorandum of law in support of their motion. From the record, it does not appear that Mr. Buckingham filed a response to the motion to dismiss.

On February 19, 2020, the trial court held a telephonic hearing on Defendants' motion to dismiss Mr. Buckingham's complaint. Mr. Buckingham participated in the hearing. By order entered October 21, 2020, the trial court granted Defendants' motion and dismissed Mr. Buckingham's complaint with prejudice. Mr. Buckingham appealed.

## II.    ISSUES

Mr. Buckingham raises one issue: Whether the Tennessee Department of Correction followed its own rules and regulations concerning disciplinary punishment guidelines. We have determined that the dispositive issue is whether the trial court erred in granting Defendants' motion to dismiss.

## III.    STANDARD OF REVIEW

Regarding a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss, our Supreme Court has instructed as follows:

> A motion to dismiss a complaint for failure to state a claim for which relief may be granted tests the legal sufficiency of the plaintiff's complaint. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011); *cf. Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 406 (Tenn. 2002).

---

[3] The trial court dismissed plaintiff Clay's complaint with prejudice. Plaintiff Clay is not a party to this appeal.

The motion requires the court to review the complaint alone. *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009). Dismissal under Tenn. R. Civ. P. 12.02(6) is warranted only when the alleged facts will not entitle the plaintiff to relief, *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011), or when the complaint is totally lacking in clarity and specificity, *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992) (citing *Smith v. Lincoln Brass Works, Inc.*, 712 S.W.2d 470, 471 (Tenn. 1986)).

A Tenn. R. Civ. P. 12.02(6) motion admits the truth of all the relevant and material factual allegations in the complaint but asserts that no cause of action arises from these facts. *Brown v. Tennessee Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010); *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700. Accordingly, in reviewing a trial court's dismissal of a complaint under Tenn. R. Civ. P. 12.02(6), we must construe the complaint liberally in favor of the plaintiff by taking all factual allegations in the complaint as true, *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 894; *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d at 426; Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 5–6(g), at 5–111 (3d ed. 2009). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo without a presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 895; *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700.

*SNPCO, Inc. v. City of Jefferson City*, 363 S.W.3d 467, 472 (Tenn. 2012).

## IV.    DISCUSSION

There is no recording or transcript of the February 19, 2020 hearing on Defendants' motion to dismiss, nor can we ascertain the basis of the trial court's ruling from the order of dismissal, which reads:

This cause came to be heard before this Honorable Court on February 19, 2020 on Defendants' Motion to Dismiss Plaintiffs' Complaints. At the February 19th hearing, counsel for Defendants appeared in Court and Plaintiff Buckingham, who is incarcerated and proceeding *pro se*, appeared by telephone. This Court heard arguments from the parties on the motion, but reserved ruling to allow the parties time to submit documentation pertaining to any disciplinary board order for

- 4 -

reimbursement of medical expenses imposed upon Plaintiff Buckingham at the March 29, 2017 disciplinary hearing at issue in this case.

Based upon the filed motion, arguments made by Defendants' counsel and Plaintiff at the February 19th hearing, and the Court's review of the parties' submitted disciplinary board documents, this Honorable Court ruled from the bench and now memorializes the ruling by and through this Order.

Defendants' Motion to Dismiss is **GRANTED** as it pertains to Plaintiff Buckingham, and his complaint is dismissed with prejudice[].

We acknowledge that findings of fact and conclusions of law are not required in resolving Tennessee Rule of Civil Procedure 12.02 motions to dismiss. *See* Tenn. R. Civ. P. 52.01 ("Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rules 41.02 and 65.04(6)"). In this case, however, appellate review is hampered because the trial court's order does not apply any legal standard or contain legal conclusions regarding the sufficiency of the complaint or provide any reasoning for the dismissal. This Court has previously vacated a trial court's Rule 12.02 dismissal where the order of dismissal did not sufficiently explain the basis for the dismissal. *Huggins v. McKee*, No. E2014-00726-COA-R3-CV, 2015 WL 866437 (Tenn. Ct. App. Feb. 27, 2015). Because nothing in this record explains which of Mr. Buckingham's claims were dismissed and why, we vacate the trial court's dismissal of Mr. Buckingham's complaint against Defendants.

## V.     CONCLUSION

We vacate the judgment of the trial court. The case is remanded for entry of an order setting forth the appropriate legal standard and reasons in support of the trial court's decision. Costs of the appeal are taxed to the State of Tennessee.

_____
JOHN W. McCLARTY, JUDGE

- 5 -