Thomas McCLAIN, Plaintiff–Appellee,

v.

HENRY I. SIEGEL COMPANY,
Defendant–Appellant.

Supreme Court of Tennessee,
at Jackson.

July 6, 1992.

Edwin E. Wallis, Jr. and J. Mark Patey, Jackson, for defendant-appellant.

Jeffrey A. Garrety, Jackson, for plaintiff-appellee.

## OPINION

REID, Chief Justice.

This workers' compensation case presents an appeal by the employer from the trial court's award of post-judgment interest. The award conforms with the requirements of T.C.A. § 50–6–225(h) and is affirmed.

On July 11, 1990, plaintiff was awarded, for two separate work-related injuries, benefits for 50 percent permanent partial disability to his leg and 50 percent permanent partial disability to the body as a whole due to a back injury. On May 6, 1991, this Court modified the trial court's judgment by reducing the awards to 40 percent to the leg and 30 percent to the body as a whole. Upon remand, the trial court, pursuant to T.C.A. § 50–6–225(h), awarded 15 percent post-judgment interest from July 11, 1990, the date of the original judgment, in the amount of $5,775 plus $18.98 per day until paid.

In July 1991, the employer delivered two checks to the employee for the modified judgment, one for $18,480, representing payment of the 40 percent award to the leg, and the other for $14,784, the accrued portion of the 30 percent award to the body as a whole. Benefits for disability to the body as a whole have been paid periodically since that date.

█ The employer maintains that the trial court erred in calculating interest on the modified judgment as of the date of the original judgment. The employer's position is that no post-judgment interest should be awarded. Its alternate position is that interest should run only from the date of this Court's judgment modifying the awards. The employee counters that the plain language of T.C.A. § 50–6–225(h) supports the decision made by the trial court.

The controlling statute, T.C.A. § 50–6–225(h), provides in pertinent part:

If the judgment or decree of a court is appealed ... interest on the judgment or decree *shall be computed from the date that the judgment or decree is entered* at an annual rate of interest five (5)

percentage points above the average prime loan rate for the most recent week for which such an average rate has been published by the board of governors of the federal reserve system *on the total judgment awarded by the Supreme Court.* (emphasis supplied).

The statute is unambiguous and, therefore, must be interpreted according to its plain meaning. *Federal Exp. Corp. v. Woods,* 569 S.W.2d 408, 410 (Tenn.1978) (When the words of a statute are plain and unambiguous, the assumption is "that the legislature intended what it wrote and meant what it said".). The pertinent language must be considered in the context of the entire statute "without any forced or subtle construction extending its import." *Id.* (citing *Worrall v. Kroger Co.,* 545 S.W.2d 736 (Tenn.1977)).

The statute is clear that when the case is appealed to this Court interest is to be calculated "from the date that the judgment or decree is entered." The legislature obviously envisioned modifications of awards by the Supreme Court because the statute reads that interest shall accrue "on the total amount awarded by the Supreme Court." But regardless whether the judgment or decree is modified, the clear legislative mandate is that interest be computed on the judgment from the date it is originally determined that an injured employee is entitled to benefits. If the legislature had intended for post-judgment interest to begin accruing on the date of a modification by this Court, no doubt it would have indicated as much.

Moreover, the trial court's construction is consistent with the remedial nature of the Workers' Compensation Act and the numerous decisions of this Court holding that the Act is to be construed liberally in favor of injured workers and in furtherance of the sound public policy that spawned the legislation to begin with. *See, e.g., Fowler v. Consolidated Aluminum Corp.,* 665 S.W.2d 713, 715 (Tenn.1984) ("From the very beginning, this Court has been ever mindful of the remedial nature of this legislation and the law ha[s] been uniformly construed so as to secure for the benefi-

ciaries of the law every protection that a liberal construction would authorize"). The trial court's construction of the statute is also consistent with the established rule that an appeal does not ordinarily prevent interest from accruing on the original judgment rendered at the trial level. *See Underwood v. Liberty Mut. Ins. Co.,* 782 S.W.2d 175, 177 (Tenn.1989).

The judgment of the trial court is affirmed and the case remanded for any further action which may be necessary. Plaintiff's request for frivolous appeal sanctions is denied. Costs shall be taxed to the employer.

DROWOTA, O'BRIEN, DAUGHTREY and ANDERSON, JJ., concur.