IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 4, 2004 Session

# C. DWIGHT GRAHAM, ET AL. v. THE GENERAL SESSIONS COURT OF FRANKLIN COUNTY, ET AL.

**A Direct Appeal from the Circuit Court for Franklin County**
**No. 13405 CV      The Honorable Thomas W. Graham, Judge**

---

**No. M2003-02231-COA-R3-CO –Filed October 5, 2004**

---

Professional bondsmen sued the general sessions court, the general sessions judge, and the sheriff, seeking a declaratory judgment that an order of the general sessions court concerning bonds for some offenses is invalid as contrary to the statutes of the State of Tennessee and the Tennessee Constitution. The trial court entered judgment for the defendants, and plaintiff appeals. We reverse.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY M. KIRBY, J., joined.

Joel H. Moseley, Sr., of Nashville, For Appellants C. Dwight Graham and Huckabee Bonding Company

Ben P. Lynch and Patrick Lynch of Winchester, For Appellees, The General Sessions Court of Franklin County, Tennessee, The Honorable Floyd D. Davis, and The Honorable Mike D. Foster

## OPINION

The Appellants, G. Dwight Graham and Huckabee Bonding Company, Inc., are professional bonding companies certified and approved by the Circuit Court of the Twelfth Judicial District to act as surety on bail bonds pursuant to the provisions of Tenn. Code Ann. § 40-11-122(3). Appellants challenge a provision of a June 4, 2002 order by the Franklin County General Sessions Court decreeing that all bonds set by that court in the amount of $4400 or less shall be granted bond by the signature of two property owners living in Franklin County, Tennessee, and that property tax receipts and signatures of the parties shall be sufficient for release from custody. The Appellants contend this provision of the June 4, 2002 order is contrary to the statutory scheme and unconstitutional. Agreeing that the order is contrary to statute, we reverse the judgment of the trial court.

# I. BACKGROUND

The facts from which this appeal arises are undisputed. On June 4, 2002, the General Sessions Court of Franklin County entered an order which reads, in relevant part, as follows:

## ORDER

Upon oral request by two parties for a Habeas Corpus Petition for two persons in the Franklin County Jail in Winchester, Tennessee on June 2, 2002. One of these persons had two Franklin County property owners with sufficient net worth at Franklin County Jail to obtain their release and was refused by the Franklin County Sheriff's Department.

A second party was at the Franklin County Jail on June 2, 2002 with sufficient cash money to make a bond for a defendant and was likewise refused.

After reviewing T.C.A. 40-11-114 through T.C.A. 40-11-122, the Court finds that there is a tremendous amount of confusion concerning bonding procedures.

The Court further finds that it is impossible to determine from the information furnished to the General Sessions Court of Franklin County which of the bail bonding companies are on the approved list and are in good standing pursuant to T.C.A. 40-11-124 and T.C.A. 40-11-125, or the local rules of the court.

The Court does not receive information concerning conditional forfeitures, final forfeitures or the total amount of bonds outstanding on any bonding company.

It is therefore, ORDERED, JUDGED AND DECREED that the Sheriff and his employees of Franklin County Tennessee shall not accept a bond made by a professional bondsman until the Sheriff receives in writing from the Clerk's Office of Franklin County a certificate that the bondsman is not in default pursuant to the bond approval statute and the local rules of court.

It is further ORDERED, JUDGED AND DECREED that all bonds set by the General Sessions Court of Franklin County in the amount of $4400 or less, shall be granted bond by the signature of two property owners living in Franklin County Tennessee. Property tax receipts and signatures of parties shall be sufficient for release from custody.

It is further ORDERED, JUDGED AND DECREED that any defendant being held in Franklin County Jail may make a cash bond in the amount of the bond previously set and said defendant is to be released. Money may be paid directly to clerk's office during normal business hours or to the sheriff's department after hours. Money to be receipted and accounted for according to Franklin County financial procedures.

Appellants contend that at least 49 defendants were released pursuant to the June 4 order, and they further allege that four of those defendants would have used one of the Appellants, C. Dwight Graham, as their bondsman in order to secure release from custody. Thus, the standing of the Appellants is based on the fact that "the June 4th Order resulted in the petitioners losing fees on bonds on which they otherwise would have acted as surety."

On September 12, 2002, Appellants filed a complaint seeking declaratory judgment and relief from the challenged provision of the June 4th order. On June 20, 2003, Appellants filed a motion for summary judgment. After a hearing held July 22, 2003, their motion for summary judgment was denied by an order entered on August 19, 2003. On August 27, 2003, Appellants filed a motion to alter or amend the August 19 order. The court entered an Amended Final Judgment on September 2, 2003. On September 11, 2003, Appellants filed their notice of appeal, and on September 18, 2003, they filed an amended notice of appeal.

## II. ISSUE ON APPEAL

The sole issue on appeal in this case is whether the trial court erred in upholding the provision of the June 4, 2002 order of the Franklin County General Sessions Court ordering that "all bonds set by the General Sessions Court of Franklin County in the amount of $4400 or less, shall be granted bond by the signature of two property owners living in Franklin County Tennessee. Property tax receipts and signatures of parties shall be sufficient for release from custody."[1]

## III. STANDARD OF REVIEW

This case presents only a question of law, and there are no disputed facts. As such, our review of the trial court's order is de novo upon the record with no presumption of correctness accompanying the trial court's conclusions of law. *See* Tenn. R. Appl. P. 13(d); ***Waldron v. Delffs*, 988 S.W.2d 182, 184 (Tenn.Ct.App.1998)**; ***Sims v. Stewart*, 973 S.W.2d 597, 599-600 (Tenn.Ct.App.1998)**.

## IV. ANALYSIS

Appellants argue that when all the sections of the Release from Custody and Bail Reform Act of 1978 ("the Act"), T.C.A. §§ 40-11-101 - 40-11-144 (2003), are considered together, "a clear system or scheme emerges," and that the June 4, 2002 order is contrary to this statutory scheme. The Appellants also contend that the June 4, 2002 order violates Article I, § 15, and Article II, § 31 of the Tennessee Constitution.

The court's role in statutory interpretation is to ascertain and to effectuate the legislature's intent. ***Jordan v. Baptist Three Rivers Hosp*., 984 S.W.2d 593 (Tenn.1999)**. In giving effect to the legislative intent, the court should not unduly restrict or expand the statute's coverage beyond its

---

[1] The other provisions of the June 4, 2002 order are not at issue in this appeal.

intended scope. *State v. Butler*, **980 S.W.2d 359 (Tenn.1998)**. The legislative intent must be ascertained from the natural and ordinary meaning of the language used in the context of the entire statute without any forced or subtle construction which would extend or limit its meaning. *State v. Butler, supra*. "When the words of a statute are plain and unambiguous, the assumption is 'that the legislature intended what it wrote and meant what it said.' " *Worley v. Weigels, Inc.*, 919 S.W.2d 589, 593 (Tenn.1996)(quoting *McClain v.. Henry I. Siegel Co.*, 834 S.W.2d 295, 296 (Tenn.1992) (citations omitted)).

Before addressing the arguments of the Appellant, we will briefly review the provisions of this statutory scheme that are relevant to this appeal. The Act delineates the authority of general sessions judges and trial court judges to release defendants pending trial. All defendants, with the exception of capital defendants "where the proof is evident or the presumption great," are bailable. (T.C.A. § 40-11-102). Defendants may be released upon their own recognizance, upon conditions of release, or upon admission to bail. (T.C.A. § 40-11-102). When bail has been set, any sheriff or magistrate, or any other officer with authority to admit the defendant to bail, may take bail and release the defendant. (T.C.A. § 40-11-106). It is the authority of the sheriff or judicial commissioner to determine the sufficiency or the surety and validity of any bond, and the sheriff or judicial commissioner's decision to take bail or refuse to take bail is reviewed under an abuse of discretion standard. (T.C.A. § 40-11-106). A defendant may be released pending trial upon the defendant's own recognizance if the appearance of the defendant can be reasonably assured, in light of several factors set out in the statute. (T.C.A. § 40-11-115). If the defendant does not qualify for release upon recognizance, the magistrate may place conditions upon release — "the least onerous conditions reasonably likely to assure the defendant's appearance in court" — including releasing the defendant into the care of a qualified person or organization, imposing reasonable restrictions on the defendant's activities, movements, associations and residences, or imposing any other reasonable restrictions including the deposit of bail. (T.C.A. § 40-11-116). If it is not shown that conditions on a release on recognizance will reasonably assure the defendant's appearance as required, the magistrate shall require that bail be given in lieu of conditions of release. (T.C.A. § 40-11-117). A defendant may be released from custody upon deposit of a sum of cash equal to the amount of the bail established by the court. The statute provides factors to be considered in determining the amount at which bail should be set, which should be "as low as the court determines is necessary to reasonably assure the appearance of the defendant at trial," including the length of defendant's residence in the community, the defendant's reputation, character, and mental condition, the defendant's family ties and relationships, and other factors. (T.C.A. § 40-11-118). In lieu of a deposit of bail as provided in T.C.A. § 40-11-118, a defendant may execute a bail bond secured by:

> (1) Real estate situated in this state with nonexempt unencumbered equity owned by the defendant or the defendant's surety worth one and one-half (1 ½ ) times the amount of bail set. If the bail bond is secured by real estate, the defendant or the defendant's surety shall execute a deed of trust conveying the real estate in trust to the clerk who shall immediately file the deed of trust in the office of the register of the county in which the real estate is situated. The costs of preparation of the deed of trust and recordation shall be paid by the defendant;

(2) A written undertaking signed by the defendant and at least two (2) sufficient sureties, and approved by the magistrate or officer. Such sureties under this section shall not be professional bondsmen or attorneys; or

(3) A solvent corporate surety or sureties or a professional bail bondsman as approved, qualified or regulated by §§ 40-11-101--40-11-144 and part 3 of this chapter. No bond shall be approved unless the surety thereon appears to be qualified.

T.C.A. § 40-11-122.

Although Appellants suggest a number of ways in which the June 4, 2002 order violates the statutory scheme, we will focus on two of those arguments, the first of which we find to be dispositive of this case, and the second of which we find illuminating as to the legislative intent behind T.C.A. § 40-11-101 et seq. First, Appellants contend that the June 4 order purports to take away the authority of the sheriff or judicial commissioner to determine the sufficiency of the surety, a power set out in T.C.A. § 40-11-106(b)(1). The relevant part of the statute reads as follows:

**§ 40-11-106. Officers taking bail; powers and duties; appeal and review**

\*        \*        \*

(b)(1) Under the provisions of this part, it is the responsibility of the sheriff or judicial commissioner to determine the sufficiency of the surety and validity of any bond, and once a sheriff or judicial commissioner has taken bail under the provisions of this subsection (b), such action shall be presumed to be valid. Once a sheriff or judicial commissioner has taken bail or refused to take bail, the jurisdiction of the court having jurisdiction of the offense shall be limited to the issue of whether the sheriff or judicial commissioner has abused discretion. A surety which meets the requirements of § 40-11- 122(1) or (2) shall be deemed sufficient if it is certified by the circuit court clerk of the county where the defendant resides to the sheriff, magistrate, or other appropriate officer in the county where the defendant was arrested, confined or legally surrendered.

We agree with the Appellants that the June 4, 2002 order is in derogation of the authority granted to the sheriff or judicial commissioner "to determine the sufficiency of the surety and validity of any bond." The statutory scheme of T.C.A. § 40-11-101 et seq. clearly contemplates that while the judge or magistrate will determine whether defendants will be released upon their own recognizance, upon conditions, or upon admission to bail, it is within the authority of the *sheriff or judicial commissioner* to determine the sufficiency of a surety or validity of a bond. T.C.A. § 40-11-106. Although Appellees do not address the argument of Appellants concerning the application of T.C.A. § 40-11-106, we find this provision of the statute to be dispositive of this case. Under the unambiguous language of the statute, the discretion rests with the sheriff to determine the sufficiency of a surety. Under the June 4, 2002 order, the General Sessions court assumed a responsibility that

properly rests with the sheriff or judicial commissioner. The blanket granting of appearance bonds by the General Sessions court, without the sheriff's of judicial commissioner's discretionary determination of the sufficiency of a surety or the validity of the bond, directly contravenes the statutory language. We therefore find that the trial court erred in upholding this order.

While we find that T.C.A. § 40-11-106 is dispositive of this case, we will address a second argument of the Appellants because we find that it further illuminates the clear intent of the legislature in granting to sheriffs or judicial commissioners the authority for determining the sufficiency of sureties. Appellants contend that the order violates the statutory scheme by circumventing the statute's restrictions (described in T.C.A. § 40-11-122 and T.C.A. § 40-11-123) on what kinds of security may be accepted, in lieu of a cash deposit, to execute a bail bond. The statutes prescribing the acceptable forms of security for bail bonds, and the qualifications of sureties, read, in relevant part, as follows:

**40-11-122. Bail bond secured by real estate or sureties. —**

In lieu of the bail deposit provided for in § 40-11-118, any defendant for whom bail has been set may execute a bail bond which may be secured as provided in this section. The bail bond may be secured by:

(1) Real estate situated in this state with nonexempt unencumbered equity owned by the defendant or the defendant's surety worth one and one-half (1 ½ ) times the amount of bail set. If the bail bond is secured by real estate, the defendant or the defendant's surety shall execute a deed of trust conveying the real estate in trust to the clerk who shall immediately file the deed of trust in the office of the register of the county in which the real estate is situated. The costs of preparation of the deed of trust and recordation shall be paid by the defendant;

(2) A written undertaking signed by the defendant and at least two (2) sufficient sureties, and approved by the magistrate or officer. Such sureties under this section shall not be professional bondsmen or attorneys; or

(3) A solvent corporate surety or sureties or a professional bail bondsman as approved, qualified or regulated by §§ 40-11-101--40-11-144 and part 3 of this chapter. No bond shall be approved unless the surety thereon appears to be qualified.

**40-11-123. Sufficiency of sureties — Evidence. —**

(a) Each of the sureties shall be worth the amount expressed in the undertaking, subject to the execution; but the court, magistrate or officer in taking bail may allow more than two (2) sureties to justify severally in amounts less than that expressed in the undertaking, if the whole qualification is equivalent to two (2) sufficient sureties.

(b) The district attorney general, or the court, magistrate or officer, may examine the sureties on oath touching their sufficiency, in such manner as the district attorney general, or the court, magistrate or officer may deem proper. The court or magistrate may also receive other testimony, either for or against the sufficiency of sureties.

Appellants correctly point out that only three classes of sureties are sanctioned by T.C.A. § 40-11-122: "(1) 'solvent corporate surety or sureties,' (2) an approved, qualified, or regulated 'professional bail bondsman,' and (3) 'at least two (2) sufficient sureties' who are 'approved by the magistrate or officer.'" The use of the third class of sureties triggers the application of T.C.A. § 40-11-123, governing the sufficiency of sureties and the evidence for or against their sufficiency that may be taken. Appellees argue that the challenged order of June 4, 2002 does not violate T.C.A. § 40-11-123:

Although T.C.A. § 40-11-123 (a) does state that sureties shall be worth the amount expressed in the undertaking, T.C.A. § 40-11-123 (b) states that the manner in which the court determines the sufficiency of the surety can be accomplished in any way that the court deems proper. It appears from the natural and ordinary meaning of the statutory language that the court, magistrate, or officer has discretion in determining the manner in which the sufficiency of surety is proven.

The Appellees are mistaken in suggesting that T.C.A. § 40-11-123 allows the court to determine "the sufficiency of the surety ... in any way the court deems proper." T.C.A. § 40-11-123(a) sets out specific requirements for the worth of sureties whose signatures will secure the release of a defendant. The statute mandates that the sureties "shall be worth the amount expressed in the undertaking, subject to execution," but that the court, magistrate or officer may allow more than two sureties to justify severally in amounts less than that expressed in the undertaking if the sum of their justifications "is equivalent to two (2) sufficient sureties." T.C.A. § 40-11-123(b) solely concerns the *evidence* that may be taken concerning the sufficiency of the surety, and does not purport to take away from the sheriff or judicial commissioner the discretion, granted in T.C.A. § 40-11-106(b)(1), to determine the sufficiency of the surety and validity of any bond pursuant to the statute. The provision of T.C.A. § 40-11-123(a), to the effect that the sureties must be worth the amount of the undertaking, "subject to execution," has a clear purpose: to ensure that, in the event of forfeiture, that the bail bonds will be collectible in the event of forfeiture. The summary process contemplated by the challenged order of June 4, 2002 would clearly not ensure that the bail bond would be collectible in the event of forfeiture. The signatures and property tax receipts of two property owners living in Franklin County would not ensure that the amount of the bail bond would be collectible. As the Appellants correctly point out, "[p]roperty ownership does not establish, in and of itself, that the surety is worth the amount of the bail bond. Mortgages, liens, unpaid property taxes, and debts to the state and federal government may completely eliminate all equity in the property." The evidence heard in accordance with T.C.A. § 40-11-123(b) would assist the sheriff or judicial commissioner in determining whether sureties are, in fact, worth the amount of the bail bonds for which they are providing security. The mere fact that T.C.A. § 40-11-123(b) allows the court to hear evidence on the sufficiency of sureties, does not remove the function of determining the sufficiency of a surety

from the discretion of the sheriff or judicial commissioner. Because the June 4, 2002 order purported to remove this function from the discretion of the sheriff or judicial commissioner, we find that the order violates T.C.A. § 40-11-101 et seq. In light of our decision on these statutory grounds, we pretermit any discussion of the issue of the constitutionality of the challenged order.

## V. CONCLUSION

Finding that the challenged provision of the June 4, 2003 order violates the statutory scheme of T.C.A. § 40-11-101 et seq., we reverse the trial court's final judgment denying the Appellants' motion for summary judgment. Costs of this appeal are assessed to the Appellee, the General Sessions Court of Franklin County.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.