IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 14, 2017 Session

## BENJAMIN RUNYON v. LISA ZACHARIAS

**Appeal from the Circuit Court for Shelby County**
**No. CT-005120-15      Robert L. Childers, Judge**

_____

### No. W2016-02141-COA-R3-CV

_____

This is an action against an attorney who previously served as a Tenn. Sup. Ct. R. 40A court appointed guardian ad litem for the benefit of the plaintiff and his two younger siblings in their parents' divorce. Plaintiff alleges that he had an attorney-client relationship with the guardian ad litem, and the guardian ad litem violated the attorney-client relationship by disclosing confidential information to the divorce court after he was 18 years old. The guardian ad litem denies any liability or actionable conduct, insisting that all of her actions were pursuant to Tenn. Sup. Ct. R. 40A and the Order Appointing Guardian Ad Litem in the divorce action. The trial court dismissed the complaint pursuant to Tenn. R. Civ. P. 12.02(6) upon a finding that the complaint failed to state a claim because the guardian ad litem's duties in the divorce action did not terminate when the oldest child turned 18 due to the fact that the custody proceeding concerning his two younger siblings was still ongoing, and the order of appointment authorized the guardian ad litem to disclose to the court confidential information that may affect the best interests of the children. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S. AND KENNY W. ARMSTRONG, J., joined.

Dorothy J. Pounders and Timothy M. Ginski, Memphis, Tennessee, for the appellant, Benjamin Runyon.

Robert V. Redding and Sadia S. Staton, Jackson, Tennessee, for the appellee, Lisa Zacharias.

# OPINION

On January 6, 2012, attorney Lisa Zacharias ("Defendant") was appointed as guardian ad litem of three minor children, including the oldest, Benjamin Runyon ("Plaintiff"), to represent the best interests of the children in their parents' divorce action. Plaintiff was still a minor when the divorce trial began on November 16, 2012; however, he turned 18 on November 27, 2012, and the trial did not conclude until January 17, 2013.[1]

Three years later, Plaintiff commenced this civil action against Defendant claiming breach of confidentiality in her roles as his guardian ad litem and as his attorney. He contends that Defendant presented evidence to the court during his parents' divorce action that was confidential information and the disclosure of which violated the attorney-client relationship because they were disclosed to the court after he turned 18 years of age. These claims rest on the factual allegations in paragraph 11 of the complaint which reads:

> 11. The trial of the foregoing divorce proceeding was held in December 2012. At the trial, confidential psychological records of [Plaintiff] (herein "confidential information") had been intentionally and wrongfully disclosed by [Defendant] to the Court in Division VII without the knowledge, authority or consent of [Plaintiff].

Plaintiff contends Defendant's actions caused him "embarrassment, humiliation, emotional pain and mental anguish, as well as harm to his relationship with others."

Defendant filed a Tenn. R. Civ. P. 12.02(6) Motion to Dismiss based upon quasi-judicial immunity. When the trial court denied the motion, Defendant filed a Motion to Stay Discovery and a Motion for Protective Order while she pursued an interlocutory appeal. During the hearing on the motions, the trial court *sua sponte* reversed its prior ruling and dismissed the case. In dismissing Plaintiff's complaint, the trial court relied on Tenn. Sup. Ct. R. 40A concluding that a Rule 40A guardian ad litem represents the "best interests" of the children in a custody case, as distinguished from representing a child or the children in the context of an attorney-client relationship. Furthermore, the court relied on the Rule 40A order of appointment which authorized Defendant to collect "confidential information regarding the children, including: the children's educational, medical, and mental health records," and granted Defendant authority to release this confidential information "as it may be necessary for, or greatly aid, the resolution of the

---

[1] Circuit Court Judge Donna M. Fields presided over the divorce action, the trial of which was held over fifteen non-consecutive days in November and December of 2012 and January of 2013.

issues." Therefore, the trial court found that Defendant was specifically authorized to release this information to the court. In conclusion, the court stated the following:

> I find that the complaint fails to state a cause of action upon which relief can be granted because, as a matter of law, the plaintiff has only alleged that . . . confidential information of the plaintiff was disclosed to the court in Division VII, which is clearly protected under Supreme Court Rule 40A and the order of January 6, 2012, from Judge Fields.

This appeal followed.

## ISSUES

Plaintiff and Defendant both raise issues on appeal. For her part, Defendant contends the trial court erred in failing to dismiss the complaint based on quasi-judicial immunity of a guardian ad litem while acting pursuant to and within the scope of her appointment in the divorce action.

For his part, Plaintiff contends:

1. The trial court erred in holding that the guardian ad litem continues to function as such upon the child reaching the age of 18.

2. The trial court erred in holding that no attorney-client relationship exists between a guardian ad litem and the minor children under an appointment pursuant to Tenn. Sup. Ct. R. 40A.

3. The trial court erred in holding that the Defendant's disclosure of the child's confidential information to the court was proper.

## STANDARD OF REVIEW

A Tenn. R. Civ. P. 12.02(6) motion to dismiss challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence. *Webb v. Nashville Area Habitat for Humanity, Inc*., 346 S.W.3d 422, 426 (Tenn. 2011). The resolution of a Rule 12.02(6) motion to dismiss is determined by an examination of the pleadings alone. *Id*. A defendant who files a motion to dismiss "admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action." *Id*. (quoting *Brown v. Tenn. Title Loans, Inc*., 328 S.W.3d 850, 854 (Tenn. 2010)).

Tennessee Rule of Civil Procedure 8.01 merely requires a plaintiff to state "the facts upon which a claim for relief is founded." *Id*. at 427 (citing *Smith v. Lincoln Brass*

*Works, Inc.*, 712 S.W.2d 470, 471 (Tenn. 1986)). Complaints "need not contain detailed allegations of all the facts giving rise to the claim," but they "must contain sufficient factual allegations to articulate a claim for relief." *Id*. (quoting *Abshure v. Methodist Healthcare-Memphis Hospitals*, 325 S.W.3d 98, 103-04 (Tenn. 2010)). "The facts pleaded, and the inferences reasonably drawn from these facts, must raise the pleader's right to relief beyond the speculative level." *Id*. However, courts are not required to accept as true assertions that are merely legal arguments or "legal conclusions" couched as facts. *Id*. (quoting *Riggs v. Burson*, 941 S.W.2d 44, 47-48 (Tenn. 1997)).

When considering a motion to dismiss, courts "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Id*. at 426 (quoting *Tigg v. Pirelli Tire Corp*., 232 S.W.3d 28, 31-32 (Tenn. 2007)). A trial court should grant a motion to dismiss "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Id*. (quoting *Crews v. Buckman Labs. Int'l, Inc*., 78 S.W.3d 852, 857 (Tenn. 2002)). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo. *Id*.; *Brown*, 328 S.W.3d at 855.

## ANALYSIS

### I.   TENNESSEE SUPREME COURT RULE 40A

In order to analyze the issues presented in this appeal, it is necessary to appreciate the scope and purpose of Tenn. Sup. Ct. R. 40A, which went into effect in 2009. Simply stated, Rule 40A authorizes the trial court presiding over a custody proceeding to appoint an attorney as a guardian ad litem "when the court finds that the child[ren]'s best interests are not adequately protected by the parties and that separate representation of the child[ren]'s best interests is necessary." Tenn. Sup. Ct. R. 40A § 3(a). The rule also defines "Guardian Ad Litem" to mean "a licensed attorney appointed by the court to represent the best interests of a child or children in a custody proceeding." Tenn. Sup. Ct. R. 40A § 1(c). Thus, a Rule 40A guardian ad litem must be a licensed attorney.

It is also necessary to recognize that Rule 40A differs from prior rules and practices involving guardians ad litem in custody proceedings in that a Rule 40A guardian ad litem "functions as a lawyer, not as a witness or special master." *See* Tenn. Sup. Ct. R. 40A § 9, adv. comm. cmt. As the comments of the Advisory Commission reveal, unlike prior practice and procedure:

> (1) A [Rule 40A] guardian ad litem may not be a witness or testify in any proceeding in which he or she serves as guardian ad litem, except in those extraordinary circumstances specified by Supreme Court Rule 8, Rule of Professional Conduct 3.7.

(2) A [Rule 40A] guardian ad litem is not a special master, and should not submit a "report and recommendations" to the court but may file a pre-trial brief/memorandum as any attorney in any other case. The guardian ad litem may advocate the position that serves the best interest of the child by performing the functions of an attorney, including but not limited to those enumerated in Supreme Court Rule 40(d)(7).

(3) The [Rule 40A] guardian ad litem must present the results of his or her investigation and the conclusion regarding the child's best interest in the same manner as any other lawyer presents his or her case on behalf of a client: by calling, examining and cross examining witnesses, submitting and responding to other evidence in conformance with the rules of evidence, and making oral and written arguments based on the evidence that has been or is expected to be presented.

Tenn. Sup. Ct. R. 40A § 9, adv. comm. cmt.[2]

Supreme Court Rule 40A directs that the appointment of a guardian ad litem "shall be by written order of the court" that shall set forth "the reasons for the appointment," and "the specific duties to be performed by the guardian ad litem." Tenn. Sup. Ct. R. 40A § 4(a) – (b). Additionally, "[t]he court shall provide in the appointment order as much detail and clarity as possible concerning the guardian ad litem's duties." Tenn. Sup. Ct. R. 40A § 4(c).

Other pertinent sections in Rule 40A provide that the role of the guardian ad litem is "**to represent the child's best interests** by gathering facts and presenting facts for the court's consideration subject to the Tennessee Rules of Evidence." Tenn. Sup. Ct. R. 40A § 6 (emphasis added). Section 8 of Rule 40A states that a guardian ad litem shall satisfy his or her duties "in an unbiased, objective, and fair manner." Tenn. Sup. Ct. R. 40A § 8(a). It further instructs that:

(b) A guardian ad litem shall:

(1) conduct an investigation to the extent that the guardian ad litem considers necessary to determine the best interests of the child, which can include, but is not limited, to ascertaining:

---

[2] It is important to distinguish the role of a Rule 40A guardian ad litem from that of a guardian ad litem in a guardianship or conservatorship proceeding. Pursuant to Tenn. Code Ann. § 34-1-107(d)(1), "[t]he guardian ad litem [in a guardianship or conservatorship proceeding] owes a duty to the court to impartially investigate the facts and make a report and recommendations to the court. The guardian ad litem serves as an agent of the court, and is not an advocate for the respondent or any other party."

(i) the child's emotional needs, such as nurturance, trust, affection, security, achievement, and encouragement;
(ii) the child's social needs;
(iii) the child's educational needs;
(iv) the child's vulnerability and dependence upon others;
(v) the child's need for stability of placement;
(vi) the child's age and developmental level, including his or her sense of time;
(vii) the general preference of a child to live with known people, to continue normal activities, and to avoid moving;
(viii) the love, affection and emotional ties existing between the child and the parents;
(ix) the importance of continuity in the child's life;
(x) the home, school and community record of the child;
(xi) the willingness and ability of the proposed or potential caretakers to facilitate and encourage close and continuing relationships between the child and other persons in the child's life with whom the child has or desires to have a positive relationship, including siblings; and
(xii) the list of factors set forth in Tenn. Code Ann. § 36-6-106.

(2) obtain and review copies of the child's relevant medical, psychological, and school records as provided by Section 7.

(3) within a reasonable time after the appointment, interview:

(i) the child in a developmentally appropriate manner, if the child is four years of age or older;
(ii) each person who has significant knowledge of the child's history and condition, including any foster parent of the child; and
(iii) the parties to the suit;

(4) if the child is twelve (12) years of age or older, seek to elicit in a developmentally appropriate manner the reasonable preference of the child;

(5) consider the child's expressed objectives without being bound by those objectives;

(6) encourage settlement of the issues related to the child and the use of alternative forms of dispute resolution; and

(7) perform any specific task directed by the court.

(c) If the child asks the guardian ad litem to advocate a position that the guardian ad litem believes is not in the child's best interest, the guardian ad litem shall:

> (1) fully investigate all of the circumstances relevant to the child's position, identify every reasonable argument that could be made in favor of the child's position, and identify all the factual support for the child's position;
>
> (2) discuss fully with the child and make sure that the child understands the different options or positions that might be available, including the potential benefits of each option or position, the potential risks of each option or position, and the likelihood of prevailing on each option or position.
>
> (3) if, after fully investigating and advising the child, the child continues to urge the guardian ad litem to take a position that the guardian ad litem believes is contrary to the child's best interest, the guardian shall take all reasonable steps to:
>
> > (i) subpoena any witnesses and ensure the production of documents and other evidence that might tend to support the child's position; and
> > (ii) advise the court at the hearing of the wishes of the child and of the witnesses subpoenaed and other evidence available for the court to consider in support of the child's position.

Tenn. Sup. Ct. R. 40A § 8.

Section 9 of Rule 40A states that "[a] guardian ad litem appointed in a custody proceeding is entitled to all rights and privileges accorded to an attorney representing a party, including but not limited to the right to . . . take any action that may be taken by an attorney representing a party pursuant to the Rules of Civil Procedure."

With the foregoing in mind, we shall now address the issues raised by the parties.

## II. QUASI-JUDICIAL IMMUNITY

Defendant argues that she is entitled to quasi-judicial immunity; therefore, the trial court erred in initially denying her motion to dismiss. She relies on Tenn. Code Ann. § 36-4-132(c), mainly the statute's legislative history, for the proposition that guardians ad

litem have absolute immunity from suit. Plaintiff argues that the plain language of the statute does not provide quasi-judicial immunity. We agree with Plaintiff.

The legal question presented requires us to interpret the statute. "Statutory interpretation, of course, presents a question of law and our review is de novo with no presumption of correctness." *Beard v. Branson*, 528 S.W.3d 487, 495 (Tenn. 2017).

When we review a statute, we are to apply the plain and ordinary language of the statute absent an ambiguity. *Lipscomb v. Doe*, 32 S.W.3d 840, 844 (Tenn. 2000); *see also Biscan v. Brown*, 160 S.W.3d 462, 473 (Tenn. 2009). "When the words of a statute are plain and unambiguous, the assumption is 'that the legislature intended what it wrote and meant what it said.'" *McClain v. Henry I. Siegel Co.*, 834 S.W.2d 295, 296 (Tenn. 1992) (quoting *Federal Exp. Corp. v. Woods*, 569 S.W.2d 408, 410 (Tenn. 1978)). "The pertinent language must be [applied] 'without any forced or subtle construction extending its import.'" *Worley v. Weigels, Inc.*, 919 S.W.2d 589, 593 (Tenn. 1996) (quoting *Federal Exp. Corp*, 569 S.W.2d at 410). A court may only consider evidence outside of the statute "when the plain language of the statute does not directly address the issue or leads to an absurd result. . . ." *Lipscomb*, 32 S.W.3d at 844.

Tenn. Code Ann. § 36-4-132(c) reads:

> Any guardian ad litem appointed by the court pursuant to this section shall be **presumed** to be acting in good faith and in so doing shall be immune from any liability that might otherwise be incurred while acting within the scope of such appointment. Such immunity shall apply in all proceedings in which such guardian ad litem may act.

(emphasis added).

We find no ambiguity within Tenn. Code Ann. § 36-4-132(c). The statute confers immunity when a guardian ad litem, in good faith, acts within the scope of his or her appointment. While the guardian ad litem is presumed to act in good faith, this presumption may be rebutted. Thus, if and to the extent Tenn. Code Ann. § 36-4-132(c) may apply, there is merely a presumption that the guardian ad litem acted in good faith.

Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, as we are required to do when ruling on a Rule 12.02 motion to dismiss, and recognizing that Tenn. Code Ann. § 36-4-132(c) does not provide absolute immunity to court-appointed guardians ad litem, we affirm the trial court's decision to deny Defendant's Motion to Dismiss based on quasi-judicial immunity.

We have also determined that Defendant is not entitled to quasi-judicial immunity under Tenn. Sup. Ct. R. 40A because she was not functioning as a special master for the

court and she was not performing any other judicial or quasi-judicial responsibilities. This is evident from the literal reading of Rule 40A which states, in pertinent part, that "[t]he guardian ad litem shall not function as a special master for the court or perform any other judicial or quasi-judicial responsibilities." Tenn. Sup. Ct. R. 40A § 6(b).

To be entitled to quasi-judicial immunity, the actions of the person seeking immunity must be closely related to the justifying purposes behind the particular immunity doctrine being invoked. *Bryant-Bruce v. State*, No. M2002-03059-COA-R3-CV, 2005 WL 2384696, at *6 (Tenn. Ct. App. Sept. 27, 2005) (citing *Nixon v. Fitzgerald*, 457 U.S. 731, 755 (1982)). Although quasi-judicial immunity, which is a form of immunity similar to absolute judicial immunity, has been extended to persons other than judges over the years to persons whose functions are an integral part of or intimately related to the judicial process, "the party claiming absolute immunity bears the burden of establishing the justification for the claim." *Id*. at *6-7 (citing *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 432 (1993); *Burns v. Reed*, 500 U.S. 478, 486 (1991)). Here, Defendant has failed to establish a factual or legal justification for her claim of quasi-judicial immunity under the statute or Rule 40A; therefore, she is not entitled to quasi-judicial immunity.

### III.    WHEN DOES THE ROLE OF A GUARDIAN AD LITEM CEASE?

Plaintiff argues that upon his reaching the age of 18, Defendant ceased to function as his guardian ad litem. This contention is premised on the notions that the guardian ad litem relationship only applies to minors and that the custody proceeding as it pertained to him became moot when he turned 18.

Notwithstanding the fact that Plaintiff turned 18 during the trial in the custody proceeding, Defendant contends the guardian ad litem appointment was not terminated because the custody proceedings continued after Plaintiff turned 18, and no order was entered terminating her appointment. Defendant also relies on the trial court's reasoning that "just because Plaintiff turned 18 the Court did not lose power or authority to adjudicate the custodial, parenting, support and visitation rights of the remaining minors. [The Court] recognized that the considerations involved the presence or absence of the Plaintiff, as well as did the support issues if he was owed no support." We agree.

Although Rule 40A does not expressly state what happens if a child in the custody proceeding reaches the age of majority before the case is concluded, it is implicit from review of the rule that the guardian ad litem's role continues until an order terminating the appointment of the guardian ad litem is entered or "when the trial court order or judgment disposing of the custody or modification proceeding becomes final." Tenn. Sup. Ct. R. 40A § 5. Additionally, Section 4 of Rule 40A states that the order appointing the guardian ad litem shall specifically set forth "the duration of the appointment." Tenn. Sup. Ct. R. 40A § 4(b)(4). Here, the order appointing Defendant stated that the guardian's

appointment "shall terminate: **automatically when the Court's order or judgment, disposing of the issues which brought about this appointment, becomes final**. . . ." (emphasis in original). Therefore, the appointment of Defendant as the guardian ad litem for all three children remained in effect, even after Plaintiff turned 18 years old, since no "order or judgment" disposing of the issues had become final.

The foregoing notwithstanding, Plaintiff argues in his brief that "Rule 40A states that the Guardian Ad Litem may only act on behalf of the child within a custody proceeding in which 'legal or physical custody of, access to, or visitation or parenting time with a child is at issue, including but not limited to divorce, post divorce, paternity, domestic violence, and contested adoptions.' Tenn. R. Sup. Ct. 40A, § 1." The deficiency with this argument is that it ignores the plain language of Rule 40A and the written order of appointment. It also fails to recognize the fact that all issues pertaining to the support, education, or welfare of a child who turns 18 during custody proceedings are not automatically moot.

For example, if the child has special needs, the parents may have a duty to continue to support the child. *See* Tenn. Code Ann. § 36-5-101(k). Additionally, if the child has not graduated from high school, the parents' responsibilities concerning the support, education, or welfare of the now 18-year-old continue until he graduates. *See* Tenn. Code Ann. § 34-1-102(b) ("Parents shall continue to be responsible for the support of each child for whom they are responsible after the child reaches eighteen (18) years of age if the child is in high school. The duty of support shall continue until the child graduates from high school or the class of which the child is a member when the child attains eighteen (18) years of age [or] graduates, whichever occurs first.") Accordingly, the mere fact that a child in a custody proceeding turns 18 does not automatically render issues concerning the custody, care, and support of that child moot. Moreover, the mere fact that the oldest of three minor children, for whom the guardian ad litem was appointed, has turned 18 would not terminate the guardian ad litem's appointment or duties. Thus, the appointment of the guardian ad litem does not terminate as to one or all of the children until the trial court enters an order to that affect, or the court enters an order or judgment that disposes of the custody or modification proceeding. *See* Tenn. Sup. Ct. R. 40A § 5.

For the foregoing reasons, we affirm the trial court's ruling on this issue.

IV.    THE PROFESSIONAL RELATIONSHIP BETWEEN A GUARDIAN AD LITEM AND CHILD PURSUANT TO A TENN. SUP. CT. R. 40A APPOINTMENT

Plaintiff contends the trial court erred in finding that Defendant did not have an attorney-client relationship with him. Plaintiff asserts that the enactment of Tenn. Sup.

Ct. R. 40A removes the guardian ad litem's impartial, quasi-judicial function and requires that the guardian ad litem function as an advocate and attorney for the minor child.[3] Therefore, Defendant served as his legal advocate, which gives rise to the attorney-client relationship.

For her part, Defendant argues that the parameters of her professional relationship with Plaintiff and his younger siblings were established and controlled by the terms of the Order Appointing Guardian Ad Litem in the custody proceedings and by Tenn. Sup. Ct. R. 40A. Relying on the order and Rule 40A, Defendant contends she was not appointed to serve as Plaintiff's attorney, but to serve as a Rule 40A guardian ad litem whose duties were to represent "the best interests" of Plaintiff and his younger siblings in the manner and to the extent the order and Rule 40A mandated. Stated another way, Defendant contends neither she nor Plaintiff had the authority to rewrite the Order Appointing Guardian Ad Litem or Rule 40A in order to create a consensual attorney-client relationship.

In ruling on Defendant's motion to dismiss, the trial court found that Rule 40A requires the guardian ad litem to represent the child's best interest and not the child. Specifically, in its oral ruling the court stated, "I think the Supreme Court chose these words with care, 'represent the best interest of a child or children in a custody proceeding.' Not represent the child or children, but the best interests." We agree.

As stated above, when we review a statute, we are to apply the plain and ordinary language of the statute absent an ambiguity. *Lipscomb,* 32 S.W.3d at 844. In interpreting the Rules of the Tennessee Supreme Court, "our goal is to ascertain and give effect to th[e] Court's intent in adopting its rules." *Thomas v. Oldfield*, 279 S.W.3d 259, 261 (Tenn. 2009).

It is undisputed that Defendant and Plaintiff never entered into a consensual attorney-client relationship. It is also undisputed that Defendant's role during the custody proceedings in the divorce action commenced with the entry of the Order Appointing Guardian Ad Litem. It is also undisputed that the appointment was made pursuant to Rule 40A.

---

[3] Plaintiff also contends that Tenn. Sup. Ct. R. 40 has a bearing on the issues in this case. We, however, have determined that Rule 40 does not apply to the issues in this case because Rule 40 only applies to "neglect, abuse and dependency proceedings" in juvenile court. *See* Tenn. Sup. Ct. R. 40(a). The parents' divorce action was not a "neglect, abuse and dependency proceeding[]" in juvenile court; therefore, Rule 40 is not applicable. Rule 40A, however, applies in custody proceedings, other than an abuse or neglect proceeding in juvenile court, "in which legal or physical custody of, access to, or visitation or parenting time with a child is at issue, including but not limited to divorce, post divorce, paternity, domestic violence, and contested adoptions." Tenn. Sup. Ct. R. 40A § 1(a).

As Plaintiff correctly states, Rule 40A differs from the prior rule in that the guardian ad litem now functions as a lawyer, not as a witness or special master. This change in the role of Rule 40A guardians ad litem has been recognized by the Tennessee Board of Professional Responsibility, which stated in Formal Ethics Opinion 2013-F-157 (Dec. 6, 2013):

> Like [Rule] 40, [Rule] 40A provides that the [guardian ad litem] is an attorney appointed to represent the best interest of the child, but does not specifically provide that the child is the client of the [guardian ad litem]. Even so, Commentary to [Rule] 40A § 9 provides, in part, that the "current rule 40A differs from the prior rule in that the Guardian Ad Litem now functions as a lawyer, not as a witness or special master. The Guardian Ad Litem does not prepare a report for the parties or the court, nor does the Guardian Ad Litem make a recommendation to the parties or the court concerning custody. . . ." The rule further provides that the [guardian ad litem] does not perform any other judicial or quasi judicial responsibility and must satisfy their duties and responsibilities in an impartial, unbiased, objective and fair manner.

(citations omitted).[4]

Although a Rule 40A guardian ad litem does not prepare a report for the parties or the court, nor does the guardian ad litem make a recommendation concerning custody, this new role does not create an attorney-client relationship with the children in a custody proceeding. This is evident from the literal wording of Rule 40A and the order of appointment.

Rule 40A mandates that the guardian ad litem is appointed to represent "the best interests of the child," Tenn. Sup. Ct. R. 40A § 3(d), and to satisfy his or her duties "in an unbiased, objective, and fair manner." Tenn. Sup. Ct. R. 40A § 8(a). Rule 40A further mandates that the trial court enter a written order that states "the reasons for the appointment," "the specific duties to be performed by the guardian ad litem," and "as much detail and clarity as possible concerning the guardian ad litem's duties." Tenn. Sup. Ct. R. 40A § 4(a) – (c). Moreover, and significantly, not only does the trial court specify the duties of the guardian ad litem, the trial court is to also "exercise effective oversight of the guardian ad litem's role," Tenn. Sup. Ct. R. 40A § 4(c), which are concepts and restraints that are foreign to the typical attorney-client relationship.

---

[4] Although the Board of Professional Responsibility's opinions are persuasive, the ethics opinions do not have the force of law. *State v. Jones*, 726 S.W.2d 515, 519 (Tenn. 1987).

Unless the order of appointment states otherwise, Rule 40A requires that the guardian ad litem conduct an investigation to determine "the best interests of the child," including the child's emotional needs and "the child's vulnerability and dependence upon others." Tenn. Sup. Ct. R. 40A § 8(b)(i)-(iv). The rule also requires that the guardian ad litem "present[] facts for the court's consideration." Tenn. Sup. Ct. R. 40A § 6. If the intent of the rule was to create an attorney-client relationship, there would be no need for these mandates because the guardian ad litem would simply function as any attorney would in the representation of any client. Moreover, these mandates are inconsistent with the typical attorney-client relationship. For these reasons, it is apparent from considering Rule 40A in its entirety that the Supreme Court did not intend for a Rule 40A guardian ad litem to have a typical attorney-client relationship with the child or children whose "best interests" he or she is appointed to represent.

We also acknowledge, as Plaintiff asserts, that if a child over the age of 12 asks the guardian ad litem to advocate a position that the guardian ad litem believes is not in the child's best interest, the guardian ad litem is required to take the following action:

> (1) fully investigate all of the circumstances relevant to the child's position, identify every reasonable argument that could be made in favor of the child's position, and identify all the factual support for the child's position;

> (2) discuss fully with the child and make sure that the child understands the different options or positions that might be available, including the potential benefits of each option or position, the potential risks of each option or position, and the likelihood of prevailing on each option or position.

> (3) if, after fully investigating and advising the child, the child continues to urge the guardian ad litem to take a position that the guardian ad litem believes is contrary to the child's best interest, the guardian shall take all reasonable steps to:

>> (i) subpoena any witnesses and ensure the production of documents and other evidence that might tend to support the child's position; and
>> (ii) advise the court at the hearing of the wishes of the child and of the witnesses subpoenaed and other evidence available for the court to consider in support of the child's position.

Tenn. Sup. Ct. R. 40A § 8(c).

Plaintiff argues that the foregoing responsibilities indicate that the Supreme Court intended for the Rule 40A guardian ad litem to serve as an attorney representing the

child. We respectfully disagree. If this were true, there would be no need for a Rule 40A order of appointment. Instead, the court would simply appoint an attorney to represent the child. Moreover, if the Supreme Court's intent was to create an attorney-client relationship, there would be no need for a rule or court order that assigns specific duties for the guardian ad litem to perform or which allows the court to exercise "oversight of the guardian ad litem's role."[5] Tenn. Sup. Ct. R. 40A § 4(c). Furthermore, this argument ignores Rule 40A's mandate that the guardian ad litem shall "consider the child's expressed objectives **without** being bound by those objectives." Tenn. Sup. Ct. R. 40A § 8(b)(5) (emphasis added).

Considering the entirety of Rule 40A, it is apparent that the Supreme Court did not intend to create an attorney-client relationship between a guardian ad litem and the child or children whose best interests he or she represents. Nevertheless, because all Rule 40A guardians ad litem are licensed attorneys, they are subject to the Rules of Professional Conduct in the performance of their duties, subject to the parameters of and pursuant to exceptions arising from Rule 40A and an order of appointment.[6]

## V.    DISCLOSURE OF CONFIDENTIAL INFORMATION

Because a guardian ad litem must be an attorney, he or she is subject to the Rules of Professional Conduct in the performance of his or her duties in a legal proceeding. However, the scope and extent to which the Rules of Professional Conduct apply are subject to the exceptions mandated by the order of appointment and Rule 40A.

The Preamble to the Rules of Professional Conduct identifies exceptions to the rules of confidentiality by providing that "[a] lawyer should keep in confidence information relating to representation of a client **except so far as disclosure is required or permitted by** the Rules of Professional Conduct or **other law**." Tenn. Sup. Ct. R. 8, Preamble § 5 (emphasis added). In this case the "other law" is Rule 40A and the order of appointment.

Moreover, and significantly, Rule 1.6 of the Rules of Professional Conduct, which pertains to the disclosure of confidential information, provides an exception that permits the disclosure of confidential information if "the disclosure is impliedly authorized in order to carry out the representation." As noted above, Rule 40A and the order appointing Defendant as the guardian ad litem for Plaintiff and his two younger siblings expressly

---

[5] *See* Tenn. Sup. Ct. R. 40A § 8(b)(7) (mandating that the guardian ad litem shall "perform any specific task directed by the court.")

[6] This is also evident from the Advisory Commission Comment that "a guardian ad litem who runs afoul of the conflict-of-interest provisions of the Rules of Professional Conduct is subject to appropriate disciplinary action." Tenn. Sup. Ct. R. 40A § 4, adv. comm. cmt.

authorized the disclosure of confidential information if and to the extent Defendant believed the disclosure to be in the children's "best interests."

Here, the order appointing Defendant as guardian ad litem provided Defendant with the following authority:

> The GAL shall hereby have the authority to and shall maintain confidentially of such information obtained by and related to the GAL, **except: as expressly permitted to be disclosed under this or other provision of this order** or other executed release, or as permitted pursuant to another order from the Court, or **as it may be necessary for, or greatly aid, the resolution of the issues**. The file of the GAL shall otherwise remain confidential and not discoverable.

(emphasis added).

In Plaintiff's complaint, the only factual basis for the alleged wrongful disclosure of confidential information was that Defendant disclosed information "to the Court in Division VII without the knowledge, authority or consent of [Plaintiff]." In dismissing the case, the trial court reasoned that since the order appointing Defendant guardian ad litem expressly authorized disclosure of information to the court, Plaintiff's complaint failed to state a claim. We agree.

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Benjamin Runyon.

_____
FRANK G. CLEMENT JR., P.J., M.S.