IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 7, 2021 Session

## BRIAN KOBLITZ v. STATE OF TENNESSEE

**Appeal from the Chancery Court for Davidson County**
No. 20-1054-III      Ellen Hobbs Lyle, Chancellor

_____

### No. M2021-00282-COA-R3-CV
_____

An out-of-state resident filed a petition for declaratory judgment to challenge the constitutionality of certain amendments to the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004, Tenn. Code Ann. § 40-39-201 *et seq*., as applied to him.  The petition named the State of Tennessee and the Tennessee Bureau of Investigation as respondents.  The respondents moved to dismiss, and the trial court granted their motions on several grounds.  Because the petitioner did not appeal all of the trial court's grounds for dismissal, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Monica A. Timmerman, Memphis, Tennessee, for the appellant, Brian Koblitz.

Herbert H. Slatery, III, Attorney General and Reporter, Andrée Blumstein, Solicitor General, and Cody N. Brandon, Miranda Jones, and Mallory Schiller, Assistant Attorneys General, for the appellees, State of Tennessee and Tennessee Bureau of Investigation.

## OPINION

## I.      BACKGROUND

In 1997, Brian Koblitz ("Petitioner"), a current resident of Connecticut, pleaded guilty to sexual battery pursuant to an Ohio statute.  He completed an eight-year sentence of imprisonment in the Ohio Department of Rehabilitation and Correction.  Petitioner lived in Tennessee from 2001 until 2004, but not since.

On October 21, 2020, Petitioner filed a petition for declaratory judgment "pursuant to Tennessee Code Annotated § 4-5-225, § 29-14-103, § 40-39-207(g)(1), and Tennessee Rule of Civil Procedure 57." The petition named the State of Tennessee, the Tennessee Bureau of Investigation ("TBI"), the Tennessee Attorney General, and the TBI Director as respondents. The Tennessee Attorney General and the TBI Director were not served, so they are not parties to this action. Petitioner requested the trial court to "find that certain amendments to the Tennessee Sex Offender Registry . . . are unconstitutional as applied to Petitioner under the substantive and procedural due process clauses of both the United States and Tennessee constitutions, and are likewise *ex post facto* legislation." Petitioner further requested the trial court to order his removal from the Tennessee Sex Offender Registry and alleged that he had "exhausted his administrative remedies" by unsuccessfully asking the TBI to remove him from the Registry on February 2, 2018. He alleged that, in denying his request, the TBI cited the April 9, 2014 amendment to Tennessee Code Annotated section 40-39-202 which, according to Petitioner, "expand[ed] life time registration requirements to any offender, regardless of conviction, whose alleged victim was a child of twelve (12) years of age or less." Petitioner further alleged that the amendment "changed his registration requirement from ten (10) year registration to lifetime registration and as such is *ex post facto* legislation as applied to him."

Additionally, Petitioner took aim at other amendments to the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 which have been enacted over the years since he completed the Ohio sentence and left Tennessee. Tenn. Code Ann. § 40-39-201 *et seq*. Petitioner also challenged the satellite-based monitoring program provision of the Tennessee Serious and Violent Sex Offender Monitoring Pilot Project Act, Tennessee Code Annotated section 40-39-303. Petitioner sought a declaration that all of the statutory provisions cited in his petition were unconstitutional as applied to him, an order suspending their enforcement as to him, his removal from the registry, and an award of attorney fees.

On November 20, 2020, the State moved to dismiss, asserting foremost that the trial court "lacks subject matter jurisdiction over [the] petition because this suit is barred by sovereign immunity." At the time of its motion to dismiss, the State was the only respondent on whom process had been served. First, the State argued that the statutes under which Petitioner brought the action, Tennessee Code Annotated sections 4-5-225 and 40-39-207(g)(1), do not confer the chancery court with jurisdiction over the State itself. Second, the State contended that by petitioning for relief under section 4-5-225 and section 40-39-207(g)(1), Petitioner had "ask[ed] the Court to provide declaratory relief and, at the same time, to hear a petition for judicial review." Citing caselaw, the State argued that this was improper because a trial court "cannot function as a trial court and appellate court in the same action." Third, the State argued that "[e]ven if Petitioner were to narrow this case to either a declaratory judgment action or a petition for judicial review, the Court would still lack jurisdiction because Petitioner has not complied with the [Uniform Administrative

Procedures Act] requirements for either type of action." In support of this argument, the State noted the lack of an allegation by Petitioner that he had first sought a declaratory order from the state agency (the TBI), as required by Tennessee Code Annotated section 4-5-225(b). Citing caselaw, the State maintained that the chancery court thus lacked jurisdiction over the declaratory judgment action. The State also maintained that dismissal was warranted if the petition were treated as one for judicial review of an agency decision because Petitioner filed it well beyond the sixty-day deadline of section 4-5-322. Fourth, the State contended that dismissal was warranted because Petitioner lacked standing to bring his claims.

On December 28, 2020, the TBI separately moved to dismiss, restating some of the State's arguments. Additionally, the TBI explained that Petitioner served summons upon it on December 2, 2020, but that the summons had not been signed by the clerk, in violation of Tennessee Rule of Civil Procedure 4.02. Through email, the TBI informed Petitioner that process was insufficient. On December 8, 2020, the TBI received a second copy of the summons, but it still lacked the clerk's signature. The TBI again emailed Petitioner about the deficiency, but had not received a response before moving to dismiss. Thus, the TBI argued that the petition was subject to dismissal under Tennessee Rule of Civil Procedure 12.02(4), insufficiency of process, because the TBI was not properly served.

On January 28, 2021, Petitioner briefly responded to the State's and TBI's motions to dismiss, asserting without development of an argument or citation to authority, that the trial court "does have subject matter jurisdiction over this cause . . . and that Petitioner has in fact stated a claim for which relief can be granted." Petitioner also claimed that dismissal would be "inappropriate" because the TBI's "motion and proposed order were not properly served upon counsel for Petitioner pursuant to Tennessee Rule of Civil Procedure 5.02(2)." In reply, the TBI explained that prior to service of its motion to dismiss, TBI's counsel and Petitioner's counsel had reached a written reciprocal agreement to serve each other by email alone.

Following a hearing[1] and by order entered February 8, 2021, the trial court granted the State's and the TBI's motions to dismiss the petition for declaratory judgment. As its reasoning, the trial court adopted and incorporated by reference the memoranda in support of their respective motions to dismiss.[2] The trial court further found that "Petitioner's Counsel consented to reciprocal service of Counsel by email alone of filings subsequent to December 22, 2020. Accordingly, the Petitioner's assertion of insufficient service of the

---

[1] Pursuant to Tennessee Rule of Appellate Procedure 24(d), Petitioner provided notice that no transcript of the proceedings would be filed with the record.

[2] The trial court noted that it did not adopt the statement made in the State's memorandum of law regarding the State being the sole respondent on whom service of process was attempted because Petitioner later attempted to serve the TBI as well.

motion to dismiss does not constitute a basis to deny the motion to dismiss." Petitioner appealed.

## II.    ISSUES

Plaintiff raises one issue on appeal: (1) "Whether the trial court erred in granting the [State's and TBI's] Motion[s] to Dismiss when the court had subject matter jurisdiction and [Petitioner] stated a claim for relief."

As appellees, the State and the TBI raise the following additional issues: (2) "Whether the trial court's judgment must be affirmed because Petitioner does not challenge on appeal each of the independent grounds supporting dismissal" and (3) "Alternatively, whether the trial court correctly dismissed the petition under the Declaratory Judgment Act."

## III.    STANDARD OF REVIEW

We review de novo a trial court's dismissal of an action for lack of subject matter jurisdiction. *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712–13 (Tenn. 2012); *see also Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) ("Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness.").

Regarding a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss, our Supreme Court has instructed as follows:

> A motion to dismiss a complaint for failure to state a claim for which relief may be granted tests the legal sufficiency of the plaintiff's complaint. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894 (Tenn. 2011); *cf. Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 406 (Tenn. 2002). The motion requires the court to review the complaint alone. *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009). Dismissal under Tenn. R. Civ. P. 12.02(6) is warranted only when the alleged facts will not entitle the plaintiff to relief, *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011), or when the complaint is totally lacking in clarity and specificity, *Dobbs v. Guenther*, 846 S.W.2d 270, 273 (Tenn. Ct. App. 1992) (citing *Smith v. Lincoln Brass Works, Inc.*, 712 S.W.2d 470, 471 (Tenn. 1986)).
>
> A Tenn. R. Civ. P. 12.02(6) motion admits the truth of all the relevant and material factual allegations in the complaint but asserts that no cause of

action arises from these facts. *Brown v. Tennessee Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010); *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700. Accordingly, in reviewing a trial court's dismissal of a complaint under Tenn. R. Civ. P. 12.02(6), we must construe the complaint liberally in favor of the plaintiff by taking all factual allegations in the complaint as true, *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 894; *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d at 426; Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 5–6(g), at 5–111 (3d ed. 2009). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo without a presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d at 895; *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d at 700.

*SNPCO, Inc. v. City of Jefferson City*, 363 S.W.3d 467, 472 (Tenn. 2012).

## IV.    DISCUSSION

We have determined that the second issue is dispositive. As the State and the TBI correctly assert on appeal, the trial court granted their motions to dismiss on multiple independent grounds including Petitioner's lack of standing, the State's sovereign immunity, and insufficiency of process as to the TBI. Yet, Petitioner's appellate brief does not at all address the trial court's reasoning set forth in the order appealed from and does not seek reversal of the aforementioned independent grounds on which the trial court granted dismissal. Instead, Petitioner briefly references the Declaratory Judgment Act as discussed in *Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827 (Tenn. 2008), states that he was not required to exhaust administrative remedies, and insists that "declaratory judgment is an appropriate avenue" to determine the constitutionality of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act[3] as applied to him.

"It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010). Moreover, "where a trial court provides more than one separate and independent ground for its judgment and a party fails to appeal one or more of the independent grounds, we must affirm the judgment of the trial court on the ground that was not challenged on appeal." *Buckley v. Elephant Sanctuary in Tennessee, Inc.*, No. M2020-00804-COA-R10-CV, 2021 WL 2450456, at *12 (Tenn. Ct. App. June 16, 2021), *perm. app. denied* (Tenn.

---

[3] Tenn. Code Ann. § 40-39-201 *et seq.*

Oct. 14, 2021); *see also Hatfield v. Allenbrooke Nursing & Rehab. Ctr., LLC*, No. W2017-00957-COA-R3-CV, 2018 WL 3740565, at *7 (Tenn. Ct. App. Aug. 6, 2018) ("Generally, where a trial court provides more than one basis for its ruling, the appellant must appeal all the alternative grounds for the ruling."); *Duckworth Pathology Grp., Inc. v. Reg'l Med. Ctr. at Memphis*, No. W2012-02607-COA-R3-CV, 2014 WL 1514602, at *12 (Tenn. Ct. App. Apr. 17, 2014) (declining to consider the issues raised on appeal and affirming order of dismissal due to the appellant's failure to appeal the trial court's alternative grounds for dismissal); 5 Am. Jur. 2d *Appellate Review* § 718 ("[W]here a separate and independent ground from the one appealed supports the judgment made below, and is not challenged on appeal, the appellate court must affirm.").

With the foregoing considerations in mind, we affirm the trial court's February 8, 2021 order granting the State's and the TBI's motions to dismiss and dismissing the petition for declaratory judgment on the grounds which were not challenged on appeal. The remaining issues raised on appeal are pretermitted.

## V. CONCLUSION

We affirm the judgment of the trial court. The case is remanded for such further proceedings as may be necessary and consistent with this opinion. Costs of the appeal are taxed to the appellant, Brian Koblitz.

_____
JOHN W. McCLARTY, JUDGE

- 6 -